Docket No. 87816–Agenda 12–March 2000.

EVA SEGERS, Appellee, v. THE INDUSTRIAL COMMISSION 
 et al
., Appellants.

Opinion filed May 18, 2000.

JUSTICE HEIPLE delivered the opinion of the court:

Plaintiff brought a declaratory judgment action in Franklin County circuit court seeking a declaration that section 9 of the Workers’ Occupational Diseases Act (820 ILCS 310/9 (West 1998)) does not bar her claim for death benefits under the Act, or if it does, that section 9 is unconstitutional. The circuit court granted defendant Old Ben Coal Company’s motion for summary judgment. Plaintiff appealed, and the appellate court reversed, holding section 9 does not bar plaintiff’s claim for death benefits under the Act. 304 Ill. App. 3d 1060. We granted Old Ben’s petition for leave to appeal and now reverse the appellate court and affirm the circuit court’s order granting Old Ben’s motion for summary judgment.

BACKGROUND

Elmer Segers was employed by Old Ben Coal Company as a coal miner. Elmer retired in 1979. In 1984, Elmer filed a disability claim in the Industrial Commission against Old Ben alleging injuries associated with the inhalation of coal and rock dust. Elmer and Old Ben agreed to settle Elmer’s claim. The settlement agreement provided that Old Ben would pay Elmer $25,664 “in a lump sum” for

“full and final settlement of any and all claims under the Workers’ Compensation Act and the Occupational Diseases Act, for any alleged accident, exposure or occupational disease arising out of Petitioner’s coal mine employment with Respondent, including any and all lung conditions or injuries, and any related conditions or injuries incurred, known or unknown, alleged to have been caused by the conditions and hazards of the Petitioner’s employment, and more specifically caused by Petitioner’s exposure to coal dust throughout his entire tenure as a coal miner.”

The settlement agreement further states that it

“resolves issues which exist as to the existence of any occupational disease, the extent of the Petitioner’s injuries and conditions, including questions of temporary total disability and permanent disability, and whether such injuries and conditions are compensable. A further issue exists as to whether the Petitioner may require or be entitled to medical, surgical, and hospital services under Section 8(a) of the Workers’ Compensation Act or Section 7 of the Occupational Diseases Act. The Petitioner hereby waives any such rights to future services under these sections and understands that this settlement includes any liability on behalf of Respondent for past medical expenses.”

Elmer died on June 4, 1995. On July 25, 1995, Elmer’s widow, Eva, filed a claim with the Industrial Commission for death benefits under the Workers’ Occupational Diseases Act. Old Ben filed a motion to dismiss, arguing that pursuant to section 9 of the Act, Elmer’s lump sum settlement with Old Ben barred Eva from seeking death benefits under the Act. Before the Commission could rule on Old Ben’s motion to dismiss, Eva filed a declaratory judgment action in Franklin County circuit court asking the court to find that section 9 of the Act does not bar her claim for death benefits, or, in the alternative, if section 9 does bar her claim for death benefits, that section 9 is unconstitutional.

The circuit court granted Old Ben’s motion for summary judgment, holding section 9 bars Eva’s death benefits claim and that section 9 is constitutional. Eva appealed, and the appellate court reversed, holding section 9 does not bar her claim for death benefits under the Act. This court granted Old Ben’s petition for leave to appeal. On appeal to this court, the State defendants in the declaratory judgment action, the Industrial Commission and the Treasurer and 
ex-officio
 Custodian of the Rate Adjustment Fund, have limited their arguments to whether section 9 is constitutional.

ANALYSIS

Jurisdiction

Old Ben first argues that the circuit court lacked jurisdiction to hear plaintiff’s declaratory judgment action. Old Ben argues that by filing her declaratory judgment action in circuit court, plaintiff improperly bypassed the Industrial Commission, which should have made the initial ruling regarding whether section 9 of the Act bars plaintiff’s death benefits claim. Old Ben, however, emphasizes that it “is not asking the Supreme Court to remand this case back to the Circuit Court with instructions to let the claim proceed through arbitration and the Industrial Commission before reaching the Circuit Court again. This would only cause delay.”  Old Ben argues that this court should address the jurisdiction question, but only with respect to future cases.

Old Ben has waived its jurisdiction argument. It is axiomatic that the parties cannot waive an issue of subject matter jurisdiction. 
Currie v. Lao
, 148 Ill. 2d 151, 157 (1992). The issue in this case, however, is one of primary jurisdiction, not subject matter jurisdiction, because Old Ben concedes, as it must, that the circuit court has concurrent jurisdiction to hear plaintiff’s declaratory judgment action. See 
Employers Mutual Cos. v. Skilling
, 163 Ill. 2d 284, 287 (1994) (stating Illinois circuit courts have original jurisdiction over all justiciable matters). Rather, Old Ben argues that plaintiff’s claim for death benefits must proceed 
first
 before the Industrial Commission.

The doctrine of primary jurisdiction provides that where “a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency having expertise in the area.” 
Skilling
, 163 Ill. 2d at 288. Since primary jurisdiction only applies where a court has either original or concurrent jurisdiction (
Skilling
, 163 Ill. 2d at 288), primary jurisdiction involves a question of timing, not of judicial competence to hear a particular case (
Kendra Oil & Gas, Inc. v. Homco, Ltd.
, 879 F.2d 240, 242 (7th Cir. 1989); 
Gross Common Carrier, Inc. v. Baxter Healthcare Corp.
, 51 F.3d 703, 706 (7th Cir. 1995); see also 
Peoples Energy Corp. v. Illinois Commerce Comm’n
, 142 Ill. App. 3d 917 (1986) (noting doctrine of primary jurisdiction is not technically a question of jurisdiction at all but rather a question of judicial self-restraint and relations between the courts and administrative agencies)). Therefore, primary jurisdiction is an issue which can be waived by the parties. 
Gross
, 51 F.3d at 706; 
Kendra Oil & Gas
, 879 F. 2d at 242.

Old Ben clearly waived its primary jurisdiction argument. Old Ben essentially concedes that it does not want this court to address the jurisdiction issue 
in this case
 because it does not want the relief which would accompany resolution of the primary jurisdiction argument in its favor. Old Ben asserts that remanding this cause back to the Industrial Commission would cause too much delay. Instead, Old Ben argues that this court should address the jurisdiction issue only with respect to future cases. We decline Old Ben’s invitation to do so. This court will not issue advisory opinions merely to set precedent or guide future litigation. 
Berlin v. Sarah Bush Lincoln Health Center
, 179 Ill. 2d 1, 8 (1997).

Statutory Issues

Old Ben next argues that section 9 of the Act bars Eva’s claim for death benefits. Our review of the circuit court’s order granting Old Ben’s motion for summary judgment is 
de novo
. 
Jackson v. TLC Associates, Inc.
, 185 Ill. 2d 418, 424 (1998).

Section 9 provides:

“Any employer or employee or beneficiary who shall desire to have such compensation, or any unpaid part thereof, paid in a lump sum, may petition the Commission, asking that such compensation be so paid. If, upon proper notice to the interested parties and a proper showing made before such Commission or any member thereof, it appears to the best interest of the parties that such compensation be so paid, the Commission may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at 3% per annum with annual rests.

* * *

The payment of compensation in a lump sum to the employee in his lifetime upon order of the Commission, shall extinguish and bar all claims for compensation for death if the compensation paid in a lump sum represents a compromise of a dispute on any question other than the extent of disability.

Subject to the provisions herein above in this paragraph contained, where no dispute exists as to the fact that the occupational disease arose out of and in the course of the employment and where such disease results in death ***, then and in such case the arbitrator or Commission may, upon the petition of either the employer or the employee, enter an award providing for the payment of compensation for such death *** in accordance with the provisions of Section 7 or paragraph (e) of Section 8 of this Act.” 820 ILCS 310/9 (West 1998).

Plaintiff initially responds that Elmer’s settlement with Old Ben is not a lump sum payment under section 9 because the settlement covered payments to Elmer which had already accrued at the time of the settlement. Plaintiff argues that since the settlement represents 20% of the man as a whole, and more than 100 weeks had passed since Elmer’s injury, there were no additional future payments for the settlement agreement to commute.
(footnote: 1) Plaintiff’s argument, however, is belied by the language of the settlement agreement itself. The settlement agreement states, “I REQUEST THAT A LUMP SUM ORDER BE ENTERED ON THE GROUNDS THAT I BELIEVE IT TO BE IN MY BEST INTEREST.” This provision is immediately followed by Elmer’s signature. The settlement agreement also contains the following order from the Industrial Commission:

“Petition for a lump sum settlement having been filed by the parties hereto and a proper showing having been made, it appears to the Commission to be in the best interest of the parties that the settlement be approved and compensation be paid in a lump sum. It is therefore ordered by the Commission that the compensation herein be (
commuted
 to and) paid in a 
lump sum
 of $25,664.00 
in accordance with the provisions of Section 9 of the Illinois Workers’ Compensation and Occupational Diseases Act
.” (Emphasis added.)

Plaintiff insists that this court should ignore this plain and unambiguous language in the settlement agreement because this was the only settlement form provided by the Industrial Commission and the form does not accurately reflect the settlement entered into by the parties. It must be remembered, however, that the settlement agreement is a contract between Elmer and Old Ben. This court has repeatedly made clear that parol evidence is inadmissable to vary or contradict the clear written provisions of a contract. 
Kendall v. Kendall
, 71 Ill. 2d 374, 377-78 (1978); 
Department of Transportation v. Western National Bank
, 63 Ill. 2d 179, 184 (1976); 
Scholbe v. Schuchardt
, 292 Ill. 529, 534 (1920). The settlement agreement clearly and unambiguously states that the settlement is a lump sum payment under section 9, and plaintiff cannot rely on evidence regarding the kinds of forms used by the Industrial Commission to contradict this portion of the settlement agreement.

Since the settlement in this case constitutes a lump sum payment under section 9 of the Act, we must now determine whether section 9 bars plaintiff’s claim for death benefits. This court’s role in interpreting statutes is to give effect to the intention of the legislature, and the language of the statute is the starting point of the court’s analysis. 
Gem Electronics of Monmouth, Inc. v. Department of Revenue
, 183 Ill. 2d 470, 475 (1998). When the language of the statute is clear and unambiguous, it will be given effect without resort to other tools of construction. 
Gem Electronics
, 183 Ill. 2d at 475.

Section 9 provides that “[t]he payment of compensation in a lump sum to the employee in his lifetime upon order of the Commission, shall extinguish and bar all claims for compensation for death if the compensation paid in a lump sum represents a compromise of a dispute on any question other than the extent of disability.” 820 ILCS 310/9 (West 1998). Old Ben argues that the words “other than” in section 9 mean “in addition to.” By contrast, plaintiff argues that the words “other than” mean “except.” Both Old Ben and plaintiff discuss the legislative history of section 9 and public policy surrounding the Workers’ Compensation Act and section 9 to support their interpretations of “other than,” but we believe the plain and ordinary meaning of the words “other than” is sufficiently clear. “Other than” means “existing besides, or distinct from, that already mentioned or implied.” Oxford English Dictionary 981 (2d ed. 1989).

Both parties concede that the settlement agreement represents a compromise of a dispute on a question besides or distinct from the extent of disability. The settlement agreement states that the settlement “resolves issues which exist as to the existence of any occupational disease, the extent of the Petitioner’s injuries and conditions, including questions of temporary total disability and permanent disability, and whether said injuries and conditions are compensable.” The settlement agreement also resolves whether Elmer was entitled to medical, surgical, and hospital services under the Workers’ Compensation Act and the Workers’ Occupational Diseases Act. Since the settlement agreement represents a compromise of a dispute on questions besides or distinct from the extent of disability, section 9 of the Workers’ Occupational Diseases Act bars plaintiff’s claim for death benefits under the Act.

In support of her argument, plaintiff cites the following passage from this court’s decision in 
American Steel Foundries v. Industrial Comm’n
, 361 Ill. 582 (1935):

“The claim for compensation on behalf of the dependents is not derivative of the employee but is an independent right of recovery for compensation created by the statute for the exclusive benefit of the dependents and over which the employee has no control and which he is powerless to release, waive or extinguish. It necessarily follows that the lump sum settlement made by [the employee], and his release executed in accordance therewith, did not extinguish the claim of his dependents.” 
American Steel Foundries
, 361 Ill. at 589.

American Steel Foundries
, however, has no bearing on this case because that case was decided four years before section 9 was enacted, and at least one commentator has noted that the General Assembly enacted section 9 in response to this language in 
American Steel Foundries
. 2 T. Angerstein, Illinois Workmen’s Compensation §1751, at 356 (rev. ed. 1952). Although this court has occasionally cited this language from 
American Steel Foundries
 in cases decided after section 9 was enacted (see, 
e.g
., 
Jarabe v. Industrial Comm’n
, 172 Ill. 2d 345, 350-51 (1996)), we have never done so in a case involving section 9 and a lump sum payment to an employee under the Workers Occupational Diseases Act.

Constitutional Issues

Plaintiff argues that if section 9 does indeed bar her claim for death benefits, then section 9 is unconstitutional. All statutes carry a strong presumption of constitutionality. 
Arangold Corp. v. Zehnder
, 187 Ill. 2d 341, 351 (1999). The party challenging the constitutionality of a statute bears the burden of rebutting this presumption and clearly establishing a constitutional violation. 
Arangold
, 187 Ill. 2d at 351. Plaintiff has failed to make such a showing in this case.

Plaintiff first argues that section 9 violates her right to due process. Plaintiff argues that section 9 violates substantive due process because it arbitrarily limits the employer’s liability for death benefits whenever a settlement agreement includes a compromise on any question other than the extent of disability. We disagree. Where, as here, no fundamental constitutional right is implicated, this court reviews the statute under consideration using the rational basis test. 
Russell v. Department of Natural Resources
, 183 Ill. 2d 434, 446 (1998). Under this test, the statute must bear a reasonable relationship to the public interest intended to be protected, and the means adopted must be a reasonable method of accomplishing the desired objective. 
Russell
, 183 Ill. 2d at 447. The State argues that the primary purpose of section 9 is to promote settlements between parties with disputes pending before the Industrial Commission by providing an incentive to the parties to settle weaker claims, 
i.e
., those claims in which the employer contests more issues than merely the extent of the employee’s disability. Section 9 bears a rational relationship to the goal of promoting the settlement of contested claims. Section 9 provides incentives to both the employee and employer to encourage settlement. The employer concedes its liability for some amount of benefits under the Act and agrees to pay the employee the total amount of his or her compensation in a lump sum rather than over a period of time. In exchange, the employer eliminates its liability for any future death benefits under the Act. The employee, on the other hand, receives compensation when, in a case where more than just the extent of the employee’s disability is at issue, he may have received nothing, and he receives his benefits in a lump sum payment. Plaintiff has failed to advance any persuasive reason for why this method for encouraging the settlement of contested claims is unreasonable. Both the employee and the employer give up something and receive something in return.

Plaintiff’s procedural due process challenge to section 9 is equally meritless. Procedural due process claims concern the constitutionality of the specific procedures employed to deny a person’s life, liberty or property. 
East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel
, 178 Ill. 2d 399, 415 (1997). Procedural due process is meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property. 
East St. Louis Federation of Teachers
, 178 Ill. 2d at 415. This court uses a three-part test when considering procedural due process claims:

“the first asks the threshold question whether there exists a liberty or property interest which has been interfered with by the State; the second examines the risk of an erroneous deprivation of such an interest through the procedures already in place, while considering the value of additional safeguards; and the third addresses the effect the administrative and monetary burdens would have on the state’s interest.” 
East St. Louis Federation of Teachers
, 178 Ill. 2d at 415-16.

Plaintiff argues that she was entitled to notice and a hearing before the lump sum settlement between Old Ben and Elmer could bar her claim for death benefits under section 9. Plaintiff, however, has failed to establish that she had a protectable property interest in a death benefits claim at the time Elmer and Old Ben entered into the settlement agreement. At the time the parties settled Elmer’s claim, plaintiff was not entitled to death benefits under the Act. In fact, her right to death benefits was anything but certain. There are a number of circumstances under which plaintiff would have had no right whatsoever to death benefits under the Act. Elmer’s death could have been caused by something other than his occupational disease; plaintiff could have predeceased Elmer; or plaintiff could have divorced Elmer and remarried prior to his death. The due process clause protects “ ‘interests that a person
 has already acquired
 in specific benefits,’ ” not merely an expectation or abstract need for such benefits. (Emphasis in original.) 
Polyvend, Inc. v. Puckorius
, 77 Ill. 2d 287, 294 (1979), quoting 
Board of Regents of State Colleges v. Roth
, 408 U.S. 564, 576, 33 L. Ed. 2d 548, 560, 92 S. Ct. 2701, 2708 (1972). At best, there was a possibility that plaintiff would be eligible to receive death benefits under the Act, but her interest in such benefits is not sufficiently certain to constitute a protectable property interest under the due process clause.

Plaintiff next argues that section 9 violates the right to a certain remedy guaranteed by article I, section 12, of the Illinois Constitution. Article I, section 12, states, “Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation.” Ill. Const. 1970, art. I, §12. This provision in the Illinois Constitution, however, is merely “ ‘an expression of a philosophy and not a mandate that a “certain remedy” be provided in any specific form.’ ” 
DeLuna v. St. Elizabeth’s Hospital
, 147 Ill. 2d 57, 72 (1992), quoting 
Sullivan v. Midlothian Park District
, 51 Ill. 2d 274, 277 (1972). Plaintiff alleges that this court retreated from this understanding of article I, section 12, in 
Best v. Taylor Machine Works
, 179 Ill. 2d 367 (1997). Plaintiff’s argument is meritless.  In fact, the 
Best
 court explicitly acknowledged that “the certain remedy provision has been referred to in general as a statement of philosophy rather than a guarantee of a specific remedy.” 
Best
, 179 Ill. 2d at 458-59. Moreover, the 
Best
 court did not rely on article I, section 12, to invalidate any of the provisions of the Civil Justice Reform Amendments of 1995 which were at issue in that case.

Plaintiff next argues that section 9 violates equal protection.
(footnote: 2) The equal protection clause requires that the government treat similarly situated individuals in a similar manner. 
In re A.A.
, 181 Ill. 2d 32, 37 (1998). The equal protection clause does not forbid the legislature from drawing proper distinctions in legislation among different categories of people. 
A.A.
, 181 Ill. 2d at 37. The level of scrutiny applied in reviewing legislative classifications under the equal protection clause depends on the nature of the classification: those based on a suspect class or affecting a fundamental right receive a heightened level of review under the strict scrutiny standard, whereas economic and social welfare legislation is reviewed under the rational basis test. See 
A.A.
, 181 Ill. 2d at 37. Section 9 involves neither a suspect class nor a fundamental right; therefore, section 9 is subject only to deferential review under the rational basis test. The rational basis test “requires only that there be a reasonable relationship between the challenged legislation and a conceivable, and perhaps unarticulated, governmental interest.” 
Cutinello v. Whitley
, 161 Ill. 2d 409, 420 (1994).

Plaintiff argues that allowing an employer to immunize itself from death benefits claims by the employee’s survivors does not serve any legitimate purpose or governmental interest. Plaintiff also argues that there is no rational justification for denying death benefits to the survivors of employees who compromise on issues other than the extent of disability but allowing death benefits to those survivors of employees who compromise solely on the extent of disability. Both of these arguments are meritless. As we have already discussed, section 9 bears a rational relationship to the legitimate governmental interest of promoting the settlement of contested claims under the Act. Moreover, there is a rational basis for treating the survivors of employees with weaker cases (
i.e
., cases in which the employer contests issues other than the employee’s extent of disability) differently than the survivors of employees with stronger cases (
i.e
., cases in which the employer is contesting solely the extent of the employee’s disability). Section 9 provides additional incentives to both the employer (no death benefits claims) and the employee (payment of compensation in a lump sum rather than in weekly payments) to settle these weaker cases.

Finally, plaintiff argues that section 9 constitutes an unconstitutional delegation of legislative and judicial powers. Plaintiff argues that section 9 constitutes an unconstitutional delegation of legislative and judicial power because it allows the employer and the employee (and the Industrial Commission by virtue of its authority to approve lump sum settlements) to decide whether or not the settlement of a claim for compensation under the Act extinguishes a survivor’s claim for death benefits. This argument is meritless. Section 9 does not delegate any legislative power to the employee and employer or the Industrial Commission. The legislature, not the employee and the employer or the Industrial Commission, has determined which kinds of settlement agreements bar future death benefits claims. The mere fact that the parties can fashion a settlement agreement in a way which does or does not result in the barring of a death benefits claim in a particular case does not make section 9 an unconstitutional delegation of legislative power, nor does giving the Industrial Commission the authority to approve a settlement agreement that extinguishes death benefits claim if such a settlement is in the best interest of the parties constitute an unconstitutional delegation of legislative power. Under plaintiff’s analysis, even the Workers’ Occupational Diseases Act itself would constitute an unconstitutional delegation of legislative powers because it allows the employee to determine whether or not he receives compensation under the Act by requiring that the employee file a claim in order to receive compensation under the Act. For the same reasons, we reject plaintiff’s claim that section 9 is an unconstitutional delegation of judicial powers.

CONCLUSION

For the foregoing reasons, we reverse the judgment of the appellate court and affirm the circuit court’s order granting Old Ben’s motion for summary judgment.

Appellate court judgment reversed;

circuit court judgment affirmed.
 

FOOTNOTES
1:   
1
Section 8(d)(2) of the Workers’ Compensation Act provides that an employee is entitled to compensation for permanent partial disability “for that percentage of 500 weeks that the partial disability *** bears to total disability.” 820 ILCS 305/8(d)(2) (West 1998). Therefore, an employee who receives an award of permanent partial disability representing 20% of the man as a whole is entitled to weekly compensation for 20% of 500 weeks (100 weeks).

2:   
2
In a related argument, plaintiff argues that section 9 violates the prohibition against special legislation in article IV, section 13, of the Illinois Constitution (Ill. Const. 1970, art. IV, §13). Plaintiff, however, acknowledges that this court’s analysis under the special legislation clause is essentially the same as this court’s analysis under the equal protection clause. See 
Best
, 179 Ill. 2d at 393 (stating “[a] special legislation challenge generally is judged under the same standards applicable to an equal protection challenge”). Therefore, our equal protection analysis is equally dispositive of plaintiff’s special legislation claim.