NO. 4-05-0900    Filed: 6/1/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| NESTLE USA, INC., | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Morgan County |
| DONALD DUNLAP and THE INDUSTRIAL | ) | No. 04CH72 |
| COMMISSION OF ILLINOIS, | ) | |
|     Defendants-Appellees, | ) | |
|     and | ) | Honorable |
| FREDERIC NESSLER and MICHAEL McDONALD, | ) | Richard T. Mitchell, |
|     Defendants. | ) | Judge Presiding. |

_____

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Nestle USA, Inc. (Nestle), brought an action seeking declaratory relief from a ruling by arbitrator Ruth White of the Illinois Workers' Compensation Commission (Commission) (formerly the Illinois Industrial Commission) regarding reinstatement of Donald Dunlap's workers' compensation claim. Plaintiff also sought to enjoin the Commission from further hearing Dunlap's claim. Plaintiff presented a motion for summary judgment on the undisputed facts. The Attorney General of the State of Illinois, acting as counsel for the Commission, presented a motion to dismiss the case. The trial court granted the Commission's motion to dismiss. Nestle appeals. We affirm.

I. BACKGROUND

On January 13, 2000, Donald Dunlap filed a workers' compensation claim with the Commission claiming he had a heart attack on September 4, 1999, while employed by Nestle. When he filed the claim, Dunlap's attorney was Frederic Nessler. According to the Commission's records, Nessler has been noted to be

Dunlap's counsel of record through 2004.

On November 15, 2000, attorney Michael McDonald wrote to Nessler that Dunlap's wife asked him to pursue her husband's claim and that McDonald would protect Nessler's fee on any ultimate settlement or verdict.

On July 23, 2001, McDonald sent Nessler a "Stipulation to Substitute Attorneys" form for Nessler to sign and return to McDonald. Three days later, Nessler returned the signed substitution-of-attorney form.

On October 1, 2002, Nessler wrote to Eugene Keefe, Nestle's attorney, saying that he received a notice of a motion and order concerning Dunlap's case. Nessler stated he no longer represented Dunlap as of July 26, 2001, when a signed substitution-of-attorney form was sent to McDonald. Also, on October 1, 2002, Nessler sent the notice to McDonald and re-quested a file-stamped copy of the approved substitution-of-attorney form.

On May 20, 2003, a paralegal with Nessler's firm, Lorrie Foor, sent McDonald a letter stating that in "December of 2001, we had a hearing regarding the unsigned Substitution of Attorney" and requesting the signed and filed form. The letter concluded that if the Nessler firm did not hear from McDonald within 10 days, they would be setting the Dunlap case for hearing again on July 19, 2003. Also on May 20, 2003, Foor sent a letter to arbitrator Ruth White stating that Dunlap has retained McDonald as counsel and a hearing was conducted in December 2002, to

have the substitution entered.  Foor asked that the matter be continued because Nessler is still the attorney of record on the docket but Nessler's firm is unaware of the status of the Dunlap case.

On October 16, 2003, White issued an order dismissing Dunlap's case for want of prosecution because the petitioner failed to appear at a status call or trial date.  Notices of dismissal dated November 7, 2003, which were addressed to Nessler and Keefe, stated that unless a petition to reinstate was filed with the Commission within 60 days of receipt of the dismissal, the case could not be reopened.

On February 3, 2004, Keefe faxed Nessler a copy of his notice of dismissal dated November 7, 2003, and stated that Nestle has closed the file on the Dunlap case as the Commission's records indicate that the case was dismissed without reinstatement.

On February 26, 2004, Nessler faxed the notice of dismissal to McDonald.

On April 26, 2004, McDonald filed a petition to reinstate Dunlap's case.  In the motion to reinstate, McDonald stated that he did not receive the October dismissal order until it was faxed to him on February 26, 2004, by Nessler after Nessler received the notice from Keefe on February 3, 2004.  The motion stated that Nessler withdrew as counsel on March 13, 2001, and McDonald entered his appearance on that date.  McDonald claims that he had appeared before White in the matter.  In Nestle's

complaint for injunctive relief, Nestle acknowledged that "McDonald has occasionally attended Industrial Commission status hearings and otherwise claimed to represent *** Dunlap as counsel," but that Nestle had always objected and pointed out that McDonald failed to file an appearance of counsel or a substitution of counsel on Dunlap's behalf.

On September 8, 2004, White allowed McDonald to appear as counsel for Dunlap and argue his motion to reinstate. White reinstated the case after accepting McDonald's assurances, as an officer of the court, that he, at some point in the past, filed a substitution-of-counsel form despite the fact that the Commission never showed him to be counsel of record.

On December 8, 2004, Nestle filed a complaint for injunctive relief in the circuit court of Morgan County. In the complaint, Nestle alleged that Nessler is Dunlap's counsel of record, and he never filed a motion to reinstate within 60 working days from the date Nestle's attorney faxed a copy of the dismissal to Nessler. In its first-amended complaint for declaratory judgment and permanent injunction, Nestle sought a declaratory judgment because the arbitrator and Commission "have innocently refused to follow Illinois law in the claim below and are now acting outside the powers granted to the Workers' Compensation Commission by our legislature to the irreparable detriment of Plaintiff Nestle." Nestle claimed that if it is forced to continue to defend a claim that was finally dismissed by rule of law, Nestle's due-process and equal-protection rights under

Illinois law would be violated. Nestle asked that the circuit court permanently enjoin the Commission and White from further adjudicating Dunlap's claim.

The Commission filed a motion to dismiss under sections 2-615 and 2-619(a)(1) and (a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(1), (a)(9) (West 2004)). The Commission alleged that the circuit court lacked jurisdiction because Nestle had not exhausted its administrative remedies and was improperly seeking judicial review of the arbitrator's nonfinal decision through its declaratory-relief action. Dunlap, through attorney Norbert Goetten, filed a motion to dismiss, arguing that the complaint was premature because the Commission had not entered a final order in the case. Nessler and McDonald were dismissed as defendants and are no longer parties to this matter. Nestle responded and filed a motion for summary judgment.

On September 30, 2005, the circuit court granted the Commission's motions to dismiss, finding that the court's jurisdiction under section 19(f) of the Workers' Compensation Act (Act) (820 ILCS 305/19(f) (West 2004)) is limited to review of final decisions.

This appeal followed.

## II. ANALYSIS

First, Nestle filed a motion with this court to "Append Abstract of Record," seeking leave to supplement the record with the transcript of the September 8, 2004, hearing before White;

˘ 5 ˘

White's decision granting Dunlap's motion to reinstate the case; and a Commission "Stipulation to Substitute Attorney" form dated March 13, 2001, and signed by Dunlap, Nessler, and McDonald. The Commission responded that this court should not allow the motion because the documents were not certified by the Commission in accordance with section 14 of the Act (820 ILCS 305/14 (West 2004)) and because the documents were not part of the record in the circuit court. Because the three documents' inclusion in the record will not affect the outcome of this case, we see no harm in granting the motion.

As to the merits of the appeal, the circuit court dismissed Nestle's complaint after determining the court lacked jurisdiction. The court never addressed the merits of the case. Thus, the only issue before this court is whether the circuit court correctly determined that it lacked jurisdiction. See Kemp-Golden v. Department of Children & Family Services, 281 Ill. App. 3d 869, 879, 667 N.E.2d 688, 695 (1996) (when the circuit court dismissed the complaint based on lack of standing, this court only reviewed the judgment granting the motion to dismiss and refused to review the merits of the plaintiff's claim). We review a circuit court's decision to grant motions to dismiss under sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2004)) under the de novo standard. Morris v. Williams, 359 Ill. App. 3d 383, 386, 834 N.E.2d 622, 626 (2005).

Nestle argues that the trial court had either original or concurrent jurisdiction to state the rights of the parties as

the issue involved undisputed facts and questions of law regarding the arbitrator's power to reinstate the claim. Nestle claims it should not be required to follow the normal procedures for appealing an arbitrator's decision in a workers' compensation claim to the five-member appellate panel of the Commission. According to Nestle, the arbitrator acted outside of her statutory authority and, therefore, without jurisdiction when she reinstated Dunlap's claim after more than 60 days had passed from the date Dunlap's attorney of record received notice of the dismissal.

The Commission urges that the Commission has exclusive jurisdiction in this matter. According to the Commission, Dunlap's claim against Nestle involves a determination of benefits and "circuit courts have no original jurisdiction over workers' compensation proceedings, wherein benefits are determined, under the Act" (Hartlein v. Illinois Power Co., 151 Ill. 2d 142, 158, 601 N.E.2d 720, 727 (1992)). Because the Commission has exclusive jurisdiction, the court must apply the "exhaustion of administrative remedies doctrine." Under the exhaustion doctrine, a party claiming to be wronged by an administrative action must first pursue all available administrative remedies before seeking review in the courts. Illinois Health Maintenance Organization Guaranty Ass'n v. Shapo, 357 Ill. App. 3d 122, 130, 826 N.E.2d 1135, 1142-43 (2005). Alternatively, the Commission claims that even if the trial court had original or concurrent jurisdiction, the court correctly deferred jurisdiction under the

doctrine of primary jurisdiction as the Commission is better suited to resolve the dispute than the court.

The Supreme Court of Illinois has determined that the courts have no original jurisdiction in cases involving determination of workers' compensation benefits. Hartlein, 151 Ill. 2d at 158, 601 N.E.2d at 727. In such compensation proceedings, the court's role is appellate only. Gunnels v. Industrial Comm'n, 30 Ill. 2d 181, 185, 195 N.E.2d 609, 611 (1964). The supreme court has also held, though, that the Commission's jurisdiction is concurrent with the circuit court in some instances. See Segers v. Industrial Comm'n, 191 Ill. 2d 421, 426-27, 732 N.E.2d 488, 492 (2000) (jurisdiction is concurrent when the issue involves a widow's application for death benefits after her husband had previously settled for a lump sum); Employers Mutual Cos. v. Skilling, 163 Ill. 2d 284, 286-87, 644 N.E.2d 1163, 1165 (1994) (jurisdiction is concurrent when the issue involves an insurance-coverage issue connected to a workers' compensation claim).

We conclude that under these facts, the Commission had exclusive jurisdiction and Nestle was required to exhaust all administrative remedies before seeking judicial review.

The only arbitrator's decision on appeal is White's decision to reinstate Dunlap's claim. As a result of White's reinstating his claim, Dunlap may be entitled to benefits. While the issue does not involve an arbitrator's traditional determination of benefits, exclusive jurisdiction should apply for two main reasons. First, the arbitrator's decision resolved a

factual dispute.  Second, a jurisdictional determination should not be dependent upon the merits of a claim.

First, Nestle urges that the Commission, as an administrative agency, only has the powers granted by the Illinois legislature and White's reinstatement of Dunlap's claim was not authorized by the legislature because the petition for reinstatement came after 60 days from notice to Dunlap's counsel of record.  Nestle cites Business & Professional People for the Public Interest v. Illinois Commerce Comm'n, 136 Ill. 2d 192, 555 N.E.2d 693 (1989), Segers, 191 Ill. 2d 421, 732 N.E.2d 488, and Daniels v. Industrial Comm'n, 201 Ill. 2d 160, 775 N.E.2d 936 (2002), to support its contention that courts can render declarations on interpretations of Illinois's administrative agencies' procedures, powers, and rules based upon undisputed facts without first exhausting administrative remedies.  Nestle's argument and the application of the three cases rest on the premise that the trial court was presented with only undisputed facts.  Despite Nestle's assertion to the contrary, the arbitrator's decision resolved a factual dispute.

Nestle claims that the facts are undisputed because Nessler, not McDonald, was Dunlap's attorney at all relevant times as he was listed as Dunlap's counsel of record at all relevant times.  White concluded, though, that McDonald had been Dunlap's attorney since 2001 when he sent a substitution-of-attorney form to the Commission office in Chicago.  Based on her belief that McDonald would not lie to her, White concluded that

the Commission must have made an error that kept McDonald from appearing as the attorney of record.  While McDonald could not produce any documentation proving that he ever filed the form, Nestle produced documents that showed Nessler and others continually requested that McDonald file the appropriate forms.  Nestle claims that White's conclusion did not rest on a determination of "disputed facts," but was a "hopeful and generous conclusion by a forgiving hearing officer without a shred of evidence to support it."

However Nestle chooses to characterize White's determination, this matter clearly arose over a factual dispute.  Nestle claims that McDonald never filed the substitution-of-attorney form and that McDonald lied to White.  McDonald claims he filed the form and the Commission made an error.  White chose to believe McDonald despite the documents Nestle produced.  White made her decision based upon her familiarity with the specific facts of the case and her observation of the parties.  The parties disagreed as to when the 60 days began to run based upon a dispute over who should have received the notice of dismissal.  White resolved the factual dispute and applied the time limit according to her determination.

According to the Act, whenever a disputed question of law or fact exists, the Commission shall first designate an arbitrator who shall investigate claims and hear evidence.  820 ILCS 305/19(a), (b) (West 2004).  The arbitrator's decision may then be reviewed by the Commission.  820 ILCS 305/19(b) (West

˘ 10 ˘

2004). The Act provides for review of _final_ Commission decisions in the trial court. See 820 ILCS 305/19(f)(1) (2004) (proceeding for review in trial court shall be commenced within 20 days of the receipt of notice of the decision of the Commission); see also Pace Bus Co. v. Industrial Comm'n, 337 Ill. App. 3d 1066, 1069, 787 N.E.2d 234, 237 (2003) (jurisdiction to review final decision of the Commission is vested in the trial court). Nestle should follow the procedures outlined in the Act before the courts interfere.

Further, in concluding that the trial court had original or concurrent jurisdiction, Nestle assumed its claim was meritorious. In the trial court, Nestle essentially sought a determination that the arbitrator acted outside of her statutory power. Nestle then claimed that the court had jurisdiction because the arbitrator acted outside her statutory power. Under Nestle's theory, in order for the court to have jurisdiction, the court first had to determine Nestle would succeed on the merits. If Nestle's claim is meritorious, the trial court has jurisdiction. Nestle agrees, though, that if its claim is not meritorious and White acted within her statutory powers, the court does not have jurisdiction. Further, had White ruled Dunlap's petition could not be reinstated, Dunlap's only recourse would have been an appeal to the Commission. In that situation, Dunlap could not have appealed to the courts because White's decision was authorized by statute. Nestle, though, could appeal to the court because White acted without statutory authority.

Jurisdiction should not be determined by a ruling on the merits. See Nelson v. Miller, 11 Ill. 2d 378, 391, 143 N.E.2d 673, 680 (1957) (rejecting the assumption that the trial court lacks jurisdiction over a nonresident defendant who allegedly committed a tortious act within the state unless all of the elements that combine to spell ultimate liability in tort are present); C&K Distributors, Inc. v. Hynes, 122 Ill. App. 3d 525, 529, 461 N.E.2d 560, 563 (1984) ("Jurisdiction is authority to hear and decide a cause. [Citation.] It does not depend upon the correctness of the decision made and is not lost because of an erroneous decision"). Based on Nestle's theory, any litigant could skip Commission review and seek judicial review by alleging that the arbitrator's decision was not authorized by statute. Trial courts would be forced to first determine if arbitrators' decisions were wrong in order to determine if they had jurisdiction.

Nestle should be required to exhaust all administrative remedies before pursuing judicial review. The exhaustion doctrine applies when an administrative agency has exclusive jurisdiction to hear an action. Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504, 128 Ill. 2d 155, 163, 538 N.E.2d 524, 528 (1989). Courts have recognized several exceptions to the exhaustion doctrine, and Nestle invokes three exceptions. First, Nestle claims that the case involves undisputed facts. See Castaneda v. Illinois Human Rights Comm'n, 132 Ill. 2d 304,

309, 547 N.E.2d 437, 439 (1989).  Second, the issue involves statutory interpretation that falls within the expertise of the court because the arbitrator acted outside her statutory authority in seeking to continue to adjudicate a case that was finally dismissed.  See Office of the Cook County State's Attorney v. Illinois Local Labor Relations Board, 166 Ill. 2d 296, 306, 652 N.E.2d 301, 306 (1995).  Third, Nestle will suffer irreparable harm from further administrative remedies.  See Illinois Bell Telephone Co. v. Allphin, 60 Ill. 2d 350, 358, 326 N.E.2d 737, 742 (1975).

As stated above, the case involves disputed facts. Further, the issue does not involve statutory interpretation. The issue revolves around the arbitrator's factual determination. Finally, Nestle claims it would suffer irreparable harm because it would be forced to maintain reserves, retain evidence, relocate witnesses, and defend a claim that was finally dismissed. Once again, this argument assumes the merits of Nestle's claim by assuming the case was finally dismissed.  None of the exceptions excuse Nestle from exhausting administrative remedies.

Nestle must first exhaust its administrative remedies by appealing to the Commission before seeking judicial review. This will give the Commission the chance to consider the arguments of the parties and make its own factual determinations and conclusions regarding the filing of the substitution of attorney form.  The Commission may not agree with the arbitrator.  If the Commission does agree with White, Nestle will have the opportu-

nity to present its appeal of the Commission's final decision to the trial court.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's dismissal.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.