ROBERT SPROWLS, Indiv. and d/b/a Sprowls Oil Company, Plaintiff-Appellant, v. FIRST STATE BANK OF PRINCETON, ILLINOIS, Defendant-Appellee.

Third District    No. 3—91—0558

Opinion filed February 28, 1992.

Boyle, Goldsmith, Shore & Bolin, of Hennepin (Roger C. Bolin, of counsel), for appellant.

Vonachen, Lawless, Trager & Slevin, of Peoria (Stephen A. Kouri, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This is the second appeal of the instant case. Briefly, the facts reveal the defendant, First State Bank of Princeton (Bank), exerted substantial control over a distressed farmer's account. The plaintiff, Robert Sprowls and the Sprowls Oil Company (Sprowls), alleges the bank enticed him into delivering tractor fuel oil throughout the year 1986 to the farmer by repeatedly reassuring Sprowls that there would be no problem with payment of the account. At the end of 1986, the farmer deposited money generated from a bumper crop into his farm account. The farmer wrote a check to Sprowls on the farm account to pay the fuel bill. Subsequently, the bank dishonored the check and exercised a setoff against the farmer's account thereby preventing payment to Sprowls but ensuring retention to itself of virtually all of the farmer's revenues for that year.

The plaintiff filed a five-count complaint. The specific counts and their respective theories alleged were as follows:

Count I—Breach of contract implied in law;
Count II—Breach of contract implied in fact;
Count III—Breach of express, oral contract;
Count IV—Equitable estoppel; and
Count V—Third-party beneficiary.

The bank filed a motion to dismiss the complaint. The trial court dismissed counts I and II. Counts III, IV, and V were repleaded in an amended complaint. The bank, thereafter, filed a motion for summary judgment as to the remaining counts. The trial court granted the bank's summary judgment motion. On the previous appeal, we reversed the trial court as to counts I and II, and affirmed as to counts III, IV, and V. (*Sprowls v. First State Bank* (1990), 204 Ill. App. 3d 514, 561 N.E.2d 1292.) The case was remanded for further proceedings as to counts I and II.

Subsequent to remand, the parties filed cross-motions for summary judgment. The trial court denied Sprowls' motion but granted the bank's. As to count I, the trial court held that while the bank may have realized a benefit directly from Sprowls providing fuel resulting in a bountiful harvest, he is in no different position than any

other creditor of the farmer and that under Sprowls' theory there would be a contract implied in law not only with all of the creditors but also with the farmer's grocer, barber, doctor or lawyer.

As to count II, the trial court found that a contract implied in fact must be drawn from the actions of the parties. The court noted that the farmer ordered the fuel, was billed, and subsequently wrote a check to Sprowls on the farm account. The bank's intentions and expectations that Sprowls be paid do not imply a contract. The bank did not assign or transfer any security to Sprowls. Accordingly, the trial court reasoned, there was no contract between Sprowls and the bank.

The sole issue in the instant appeal is whether there exists an issue of material fact precluding the granting of summary judgment as to counts I and II. An implied contract is created by law as a result of the parties' acts. (*Bull v. Mitchell* (1983), 114 Ill. App. 3d 177, 448 N.E.2d 1016.) Implied contracts are sometimes divided into contracts implied in fact and those implied in law. (*Heavy v. Ehret* (1988), 166 Ill. App. 3d 347, 519 N.E.2d 996.) A contract implied in fact is one whereby a contractual duty is imposed by reason of a promissory expression which may be inferred from the facts and circumstances and the expressions on the part of the promissor which show an intention to be bound. (*Arthur Rubloff & Co. v. Drovers National Bank* (1980), 80 Ill. App. 3d 867, 400 N.E.2d 614.) Contracts implied in law (quasi contracts) arise notwithstanding the parties' intentions, result from a duty imposed by law, and are contracts merely in the sense that they are created and governed by principles of equity. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

In the instant case, Sprowls alleges to have had various conversations with James Tolan, the bank's vice-president, in which it is alleged Tolan repeatedly reassured Sprowls that the bank would pay his fuel bill with proceeds from the farmer's crop. According to the bank, however, it never gave Sprowls any assurance that it would pay the fuel bill before any other creditor. As such, it is readily apparent that the instant case involves great factual inconsistencies. We conclude that this conflict in evidence is sufficient to defeat a motion for summary judgment. Whether the bank's alleged reassurances to the plaintiff constitute an implied contract in fact or law is for the trier of fact to decide at trial.

Moreover, the bank, relying on *Gadsby v. Health Insurance Administration, Inc.* (1988), 168 Ill. App. 3d 460, 522 N.E.2d 865, asserts the express contract between Sprowls and the farmer pre-

cludes Sprowls from prevailing under a theory of implied contract. In *Gadsby*, the plaintiff-employee sued his former employer, ATI Carriage House (ATI), and its insurance claims administrator, Health Insurance Administration (HIA), for, *inter alia*, breach of contract under both express and implied contract theories. In that case, as part of its employee benefits package, ATI provided health insurance to its current employees but not to its retired employees. Unaware of this distinction in his benefits package, the plaintiff-employee filed an insurance claim for certain medical expenses following his retirement. HIA denied the claim because the ATI plan did not cover employees who did not work at least 30 hours per week. As part of his lawsuit, plaintiff alleged that ATI and HIA breached a contract implied in fact.

Affirming the trial court's granting of summary judgment in favor of ATI and HIA, the court found that the express contract regarding employees' benefits did not provide coverage for retired employees; thus, there could not be an express contract involving these parties and an implied contract existing at the same time. In stark contrast, the express contract in the instant case was between Sprowls and the farmer. That contract does not contain any language regarding the rights and obligations of the bank to Sprowls. Therefore, because there is no existing express contract between Sprowls and the bank, Sprowls is not precluded from prevailing under an implied contract theory. We conclude the bank's reliance on *Gadsby* is misplaced.

Accordingly, we reverse the judgment of the circuit court of Bureau County and remand for proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and McCUSKEY, J., concur.