STEFANICH, McGARRY, WOLS AND OKREI, LTD., Plaintiff-Appellant, v. ANDREA HOEFLICH, Defendant-Appellee.—STEFANICH, McGARRY, WOLS AND OKREI, LTD., Plaintiff-Appellee, v. ANDREA HOEFLICH, Defendant-Appellant.

Third District    Nos. 3—93—0585, 3—93—0758, 3—93—0797 cons.

Opinion filed April 11, 1994.

Bennett J. Braun, of Stefanich, McGarry, Wols & Okrei, Ltd. (Roman R.

Okrei, of counsel), and John Nudo and Joseph Zwick, both of Law Offices of John Nudo, both of Joliet, for Stefanich, McGarry, Wols & Okrei, Ltd.

Law Office of Andrea Hoeflich, of Downers Grove (Andrea Hoeflich, of counsel), *pro se.*

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Stefanich, McGarry, Wols & Okrei, Ltd. (the law firm), filed a complaint against the defendant, Andrea Hoeflich (Hoeflich), its former employee. The law firm was seeking an equitable portion of the attorney fees Hoeflich received after settling a lawsuit involving Rebecca Quasny, a former client of the law firm. The law firm appeals from the trial court's orders which granted summary judgment in favor of Hoeflich and denied the law firm's motion for leave to file a second amended complaint. Hoeflich has appealed from the trial court's order which denied her motion for sanctions against the law firm.

The law firm raises two issues on appeal: (1) whether the trial court erred when it granted Hoeflich's motion for summary judgment on the basis that Hoeflich was not the proper party-defendant in the law firm's action; and (2) whether, after summary judgment was granted in Hoeflich's favor, the law firm should have been allowed to file a second amended complaint.

The sole issue raised in Hoeflich's appeal is whether the trial court erred in denying her motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). She claims that sanctions are necessary because there was no legal basis for the law firm's action against her.

Following our careful review of the record, we affirm in part and reverse in part. We find the trial court properly granted summary judgment in Hoeflich's favor. However, we also find the law firm's proposed second amended complaint states a cause of action against Hoeflich for breach of an implied contract. As a result, we conclude the trial court should have allowed the law firm to file its second amended complaint. Accordingly, we reverse the trial court's order and remand the cause for further proceedings on the second amended complaint. Now we turn to Hoeflich's appeal. We disagree with her argument that the law firm had no legal basis for a cause of action against her. Thus, we affirm the trial court's order denying Hoeflich's motion for sanctions.

In June 1990, the law firm began representing Quasny on her personal injury claim against Edward Gorman. Hoeflich started working for the law firm as an associate on August 16, 1990. Hoeflich

was assigned the Quasny file and was supervised by one of the partners in the law firm. In December 1991, Gorman's insurance company offered to settle the claim for $24,000. Quasny rejected the insurance company's offer.

On January 1, 1992, Hoeflich left her position as an associate with the law firm and began her own law practice. At approximately the same time, Quasny notified the law firm that she was discharging them from further representation on her claim. Quasny later hired Hoeflich to handle the claim against Gorman. Quasny's case was subsequently settled with Gorman's insurance carrier, and a check for $30,000 was received by Hoeflich in April 1992. Hoeflich did not notify the law firm of the settlement and retained $10,000 as attorney fees.

When a partner in the law firm learned of the settlement, he contacted both Hoeflich and Quasny concerning the issue of attorney fees. On July 7, 1992, a partner of the law firm met with Quasny. She paid $299.48 for the costs the law firm incurred representing her. No agreement was reached concerning the attorney fees. At the meeting, the partner informed Quasny that the law firm would not sue her.

Thereafter, Hoeflich refused to pay the law firm any portion of the $10,000 in attorney fees. On October 1, 1992, the law firm filed a lawsuit against Hoeflich. The trial court later granted the law firm leave to file a first amended complaint. In this complaint, the law firm alleged that Hoeflich had actual knowledge of the law firm's claim for reasonable attorney fees. The law firm further alleged that Hoeflich's "retention of the full fee of $10,000 violates the fundamental principles of justice, equity and good conscience." The law firm sought an award of reasonable attorney fees in the amount of $8,000. This sum represented one-third of the $24,000 settlement offer that Gorman's insurance carrier made while the law firm represented Quasny.

In response, Hoeflich filed a motion for summary judgment. She argued that the law firm had not perfected a statutory lien for attorney fees (see Ill. Rev. Stat. 1991, ch. 13, par. 14) and, therefore, its only remedy was an action for *quantum meruit* against Quasny. The law firm admitted it did not have a statutory lien for attorney fees. However, the law firm argued it had a cause of action against Hoeflich based upon unjust enrichment. The trial court disagreed with the law firm's arguments and granted Hoeflich's motion for summary judgment.

The law firm then filed a motion for leave to file a second amended complaint. The gist of this complaint was that Hoeflich acknowledged the law firm "was entitled to fees in the event a

recovery was obtained by Quasny on the Gorman claim." In support of this allegation, the law firm attached a copy of a letter Hoeflich had written to one of the law firm's partners. The letter, dated January 20, 1992, stated in pertinent part:

"I do not dispute that you are entitled to some portion of the fees in the event that a recovery is made. If you wish to accept the customary 1/3rd of my 1/3rd fee arrangement, I will happily honor such an arrangement if and when a recovery is made. If this is not acceptable to you, then, as you indicated to the client, we will ask the court to determine what fees you are entitled to."

The trial court denied the law firm's motion for leave to file a second amended complaint. The trial court also denied Hoeflich's post-judgment motion for sanctions. The law firm's appeal and Hoeflich's appeal were both timely filed. We have consolidated the appeals.

■ In its appeal, the law firm argues the trial court erred in granting summary judgment in favor of Hoeflich. However, in making this argument, the law firm relies heavily on Hoeflich's letter of January 20, 1992, in which she acknowledged the law firm's right to attorney fees. This argument must fail because Hoeflich's acknowledgement was *not* alleged in the law firm's first amended complaint. The law firm next argues that the trial court should have allowed the filing of its second amended complaint which included its allegations regarding Hoeflich's January 20, 1992, letter. We agree with the law firm's contention as to the second amended complaint.

An attorney's lien is *not* the sole remedy for an attorney who is seeking to collect fees. (*DeKing v. Urban Investment & Development Co.* (1987), 155 Ill. App. 3d 594, 597, 508 N.E.2d 377, 379.) An attorney who has not perfected a lien is still entitled to recover for his services by suing the client for *quantum meruit.* (See *In re Estate of Callahan* (1991), 144 Ill. 2d 32, 38, 578 N.E.2d 985, 987; *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill. 2d 217, 230, 399 N.E.2d 969, 975.) In addition, an attorney may sue another attorney to recover a portion of the attorney fees retained from a settlement or judgment based upon an agreement to share the attorney fees. *Phillips v. Joyce* (1988), 169 Ill. App. 3d 520, 523 N.E.2d 933; *Paul v. Neely* (1987), 155 Ill. App. 3d 241, 508 N.E.2d 401; *Schniederjon v. Krupa* (1985), 130 Ill. App. 3d 656, 474 N.E.2d 805.

The facts of *Paul v. Neely* are somewhat analogous to the facts of the case at hand. In *Paul,* an attorney was discharged by his client. After the case was later settled, the attorney sued his client's new attorney for a share of the attorney fees retained from the settlement. The attorney alleged that the client's new attorney orally agreed to pay him $5,000 plus the costs he expended in representing the client.

The $5,000 figure was based upon one-third of a $15,000 settlement offer made prior to the attorney's discharge by the client. On appeal, the court found the attorney could properly recover based upon the oral agreement. The court affirmed a $5,246.95 judgment for the attorney. *Paul*, 155 Ill. App. 3d at 245, 474 N.E.2d at 404.

Here, Hoeflich was an employee of the law firm and, in that capacity, she was fully aware of the services Quasny received from the law firm. Shortly after leaving the firm, Hoeflich acknowledged in her letter of January 20, 1992, that the law firm was entitled to attorney fees in the event there was a recovery against Gorman. During oral argument, Hoeflich admitted that she wrote the letter before she was retained by Quasny. Consequently, we find Hoeflich's letter was an acknowledgement of the obligation she owed to her former law firm. The obligation was based upon her prior employment with the law firm and was independent of any obligation that Quasny might owe the law firm. In recognition of this obligation, Hoeflich agreed to pay the law firm one-third of any fee she received or, in the event the law firm rejected this offer, an amount to be determined by the court.

An implied contract is one created by law as a result of the parties' acts. (*Sprowls v. First State Bank* (1992), 225 Ill. App. 3d 672, 674, 588 N.E.2d 460, 461.) Implied contracts are sometimes divided into contracts implied in law and those implied in fact. (*Sprowls*, 225 Ill. App. 3d at 674, 588 N.E.2d at 461.) "A contract implied in fact is one whereby a contractual duty is imposed by reason of a promissory expression which may be inferred from the facts and circumstances and the expressions on the part of the promissor which show an intention to be bound." *Sprowls*, 225 Ill. App. 3d at 674, 588 N.E.2d at 461.

■ Pursuant to section 2—1005(g) of the Code of Civil Procedure, the trial court shall permit pleadings to be amended upon just and reasonable terms before or after the entry of summary judgment. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(g); *Loyola Academy v. S&S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 272, 586 N.E.2d 1211, 1215.) This provision has been interpreted as requiring the trial court to permit amendment if it will further the ends of justice. (*Loyola Academy*, 146 Ill. 2d at 272-73, 586 N.E.2d at 1215.) In determining whether the trial court abused its discretion in denying a motion to amend, a reviewing court must look at four factors. The factors are: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportuni-

ties to amend the pleading could be identified." *Loyola Academy*, 146 Ill. 2d at 273, 586 N.E.2d at 1215-16.

■ Here, the law firm's second amended complaint alleges an intention by Hoeflich to share attorney fees with her former law firm. We find the facts allege the existence of a contract implied in fact between Hoeflich and the law firm. Accordingly, the law firm has stated a sufficient cause of action against Hoeflich for the breach of the terms of an implied contract. As a result, the first factor set forth in *Loyola Academy* has been met as the second amended complaint cured a defective pleading.

Illinois public policy prohibits a discharged attorney from receiving a share of attorney fees where: (1) the share of the fees was not related to the value of the services rendered; (2) the client does not consent to the shared-fee arrangement; and (3) the discharged attorney has no responsibility for the pending litigation. (*Leoris v. Dicks* (1986), 150 Ill. App. 3d 350, 353, 501 N.E.2d 901, 903; see also *Holstein v. Grossman* (1993), 246 Ill. App. 3d 719, 616 N.E.2d 1224.) However, no ethical or legal problem arises when the attorney who seeks his share of the fee contributed some work, labor or service toward earning the fee (*Schniederjon*, 130 Ill. App. 3d at 661, 474 N.E.2d at 809) and there is full disclosure of the agreement to the client *Schniederjon v. Krupa* (1987), 162 Ill. App. 3d 192, 195, 514 N.E.2d 1200, 1202.

Here, the law firm clearly performed work, labor and services on Quasny's behalf. Also, there is no dispute that Quasny was well aware of the law firm's claim for a portion of the attorney fees recovered by Hoeflich. As a result, we find no violation of any public policy considerations which would prohibit the sharing of attorney fees between Hoeflich and the law firm.

We also find that the remaining three factors set out in *Loyola Academy* favor allowing the law firm to amend its complaint. The amendment would not cause prejudice or surprise to Hoeflich. (See *Loyola Academy*, 146 Ill. 2d at 275, 586 N.E.2d at 1216.) The proposed amendment was timely as it was filed less than 11 months after the initial complaint was filed and while the cause was still in the pleading stage. (See *In re Estate of Hoover* (1993), 155 Ill. 2d 402, 417, 615 N.E.2d 736, 743.) Lastly, the law firm had been allowed only one previous amendment. See *Hoover*, 155 Ill. 2d at 417, 615 N.E.2d at 743.

Finally, we conclude that permitting the second amendment of the law firm's complaint would further the interests of justice. Based upon the facts before us, the law firm should not be required to sue an innocent party, Quasny, who has already paid substantial attorney

fees. Moreover, the parties have conceded that Quasny should *not* be required to pay any more attorney fees than the $10,000 she has already incurred. Nevertheless, Hoeflich has taken the position that the only way the law firm can obtain the attorney fees to which it is entitled is to sue Quasny. We do not agree. After our thorough review of the record, we conclude the law firm should be allowed to collect its portion of the attorney fees from Hoeflich, the person who received the full amount of the fees. We also find the law firm has stated a cause of action against Hoeflich in its second amended complaint. Accordingly, we hold the trial court erred when it did not allow the law firm to file its second amended complaint.

■ In her appeal, Hoeflich argues the trial court should have granted her motion for sanctions because there was no legal basis for the law firm's action against her. Because we have already found the law firm's second amended complaint states a cause of action against Hoeflich, we find Hoeflich's argument without merit. Consequently, we determine the trial court properly denied Hoeflich's motion for sanctions.

For the reasons indicated, we affirm the order granting summary judgment for Hoeflich on the first amended complaint. We also affirm the order which denied Hoeflich's request for sanctions. However, we reverse the order which denied the law firm leave to file its second amended complaint. Accordingly, we remand the cause to the circuit court of Will County for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

BARRY and BRESLIN, JJ., concur.