D. MAYER LANDSCAPING, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Barbara Mayer, Appellee).

First District (Industrial Commission Division)   No. 1—01—1004WC

Opinion filed March 7, 2002.—Rehearing denied April 10, 2002.

Michael E. Rusin and Laura E. Witten, both of Rusin, Patton, Maciorowski & Friedman, Ltd., of Chicago, for appellant.

Richard E. Aleksy and Molly C. Mason, both of Corti, Freeman & Aleksy, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent employer, D. Mayer Landscaping, Inc., appeals from an order of the circuit court of Cook County entered February 27, 2001, confirming a decision of the Illinois Industrial Commission (Commission) entered on December 19, 2000, following an earlier remand by the circuit court. The claimant in this case is Barbara Mayer, widow of Donald Mayer, deceased.

On July 17, 1998, the arbitrator's original decision found that Donald Mayer was an excluded officer under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1998)) and that claimant was not entitled to benefits as a result of the accidental injury to decedent. On March 17, 1999, the Commission affirmed and adopted the arbitrator's original decision. Claimant sought judicial review, and the case was docketed as Cook County case No. 99—L—50266. On October 1, 1999, the circuit court affirmed in part, reversed in part, and remanded to the Commission for further proceedings. The remand

was "with instructions to enter an award consistent with this memorandum decision, judgment and order and to conduct further proceedings in respect to all the issues."

On remand, the arbitrator awarded claimant $1,242 for medical bills; $4,200 for burial expenses; and $741.45 per week for 364 weeks, until the sum of $250,000 has been paid or the period of 20 years has passed, whichever is greater. 820 ILCS 305/8(a), 7(f), 7(a) (West 1998). On December 19, 2000, the Commission affirmed and adopted the arbitrator's award made following remand. Respondent's judicial review was docketed in the circuit court as Cook County case No. 00—L—50021, and it was consolidated with case No. 99—L—50266. The circuit court affirmed the Commission decision on remand.

The issues on appeal are whether the first Commission decision was correct, whether (1) decedent's election to exclude himself from coverage under the workers' compensation insurance policy barred recovery of benefits under the Act and (2) claimant has an independent right to recover benefits under the Act. We vacate the order of the circuit court in Cook County case No. 00—L—50021 as well as the Commission decision and arbitrator's award entered following the original order of remand by the circuit court; affirm in part and reverse in part the circuit court's order of remand in Cook County case No. 99—L—50266; and reinstate the Commission's original March 17, 1999, decision.

The underlying facts are undisputed, although on appeal the claimant has challenged the credibility of one of the witnesses.

Decedent started his landscaping business in 1981 and, after retiring from Ameritech in August 1989, operated the landscaping business on a full-time basis. Decedent was the president of the respondent corporation. Claimant, decedent's spouse and respondent's secretary-treasurer, paid all the bills, issued checks, and maintained all the insurance policies.

On July 31, 1995, while operating a lawnmower on a hill, decedent was killed when the lawnmower tipped over and crushed him. When claimant sought workers' compensation benefits, her claim was denied because decedent was an excluded corporate officer under section 3(17)(b) of the Act (820 ILCS 305/3(17)(b) (West 1994)).

Frank Sedlacek, an independent insurance agent who placed insurance with several different companies, testified that in 1994 he met with decedent and agreed to obtain quotes for various types of insurance, including workers' compensation. In February 1994, he discussed this with claimant and decedent. Decedent told Sedlacek that he wanted to be excluded from the workers' compensation policy. The premium was significantly less with decedent excluded. At that time,

Sedlacek was unable to place respondent's workers' compensation with American States Insurance in 1994, because respondent had no prior workers' compensation policy. Sedlacek applied for workers' compensation insurance coverage for respondent through the National Council on Compensation Insurance so that the policy would be assigned to a carrier through a workers' compensation pool. The application, drafted by Sedlacek and signed by decedent, requested exclusion of decedent under the policy. National American Insurance Company issued policy No. AR320212C to respondent covering March 12, 1994, through March 12, 1995. That policy excluded decedent from coverage. Claimant knew decedent was excluded from coverage because, in response to an audit letter, claimant issued a response stating that decedent was excluded from coverage. Sedlacek discussed with decedent any desired changes in the policy prior to renewal. Decedent informed Sedlacek that he did not want to be added to the workers' compensation policy. Sedlacek submitted an application to American States Insurance requesting the same coverage that respondent had under its prior policy and again requesting that the decedent be excluded as an officer under the policy. American States Insurance issued workers' compensation policy No. 01 WC—747878. It covered the period of March 10, 1995, through March 10, 1996. A copy of that policy was delivered to claimant and decedent. The certificate of insurance showed the officer exclusion. An audit response dated April 16, 1996, confirmed that decedent was excluded and his wages were not included in the premium calculation.

The Commission denied benefits. In the initial judicial review proceeding, the circuit court confirmed the Commission's decision that there was sufficient written notice of the corporate officer's election to withdraw from coverage and a signed waiver for each excluded officer was not required by section 3 of the Act (820 ILCS 305/3 (West 1998)). However, the circuit court reversed and remanded on the basis that (1) decedent was working in a dual capacity, officer and employee, and that the election of noncoverage by an officer did not prevent coverage as an employee and (2) claimant had a claim for death benefits separate and apart from any claim decedent may have had for his injuries. On remand, the arbitrator and Commission applied these legal principles and awarded benefits.

We first consider whether decedent's election to exclude himself from coverage under the workers' compensation insurance policy barred recovery of benefits under the Act. Although claimant's argument attacks the credibility of Sedlacek, none of the facts or circumstances presented as evidence contradicts the testimony of Sedlacek. Nor did the Commission find Sedlacek not a credible witness.

Therefore, the credibility of witnesses is not a material issue in determining the questions posed on appeal. The issues on appeal involve review of determinations of questions of law that this court considers *de novo*. *Lucas v. Lakin*, 175 Ill. 2d 166, 171, 676 N.E.2d 637, 640 (1997) (construction of a statute is a question of law to be reviewed *de novo*); *Sorenson v. Industrial Comm'n*, 281 Ill. App. 3d 373, 381, 666 N.E.2d 713, 718 (1996) (if the evidence is undisputed, a question of law exists and the reviewing court need not defer to the Commission's determination of a question of law). In this case, this court's focus is on whether the original decision of the circuit court correctly found that the original March 17, 1999, decision of the Commission was contrary to law. See *Freeman United Coal Mining Co. v. Industrial Comm'n*, 188 Ill. 2d 243, 248, 720 N.E.2d 1063, 1066 (1999).

■ Section 3 of the Act relates to coverage of the Act to employees of enterprises or businesses that involve extrahazardous activities. 820 ILCS 305/3 (West 1998). At the times relevant to this case, section 3(17)(b) of the Act provided as follows:

> "The corporate officers of any business or enterprise defined as a 'small business' under paragraph (b), Section 3 of the Illinois Small Business Purchasing Act, as amended, and employed by the corporation may elect to withdraw themselves as individuals from the operation of this Act. Upon an election by the corporate officers to withdraw, written notice shall be provided to the insurance carrier of such election to withdraw, which election shall be effective upon receipt by the insurance carrier of such written notice. A corporate officer who thereafter elects to resume coverage under the Act as an individual shall provide written notice of such election to the insurance carrier which election shall be effective upon receipt by the insurance carrier of such written notice. For the purpose of this paragraph, a 'corporate officer' is defined as a bona fide President, Vice President, Secretary or Treasurer of a corporation who voluntarily elects to withdraw." 820 ILCS 305/3(17)(b) (West 1998).

The parties do not dispute the application of this subsection to this case.

Respondent raises three contentions. First, respondent argues that the circuit court improperly relied on cases recognizing the dual capacity doctrine because in this case decedent's wages were excluded from the calculation of insurance premiums.

■ Illinois courts have recognized the dual capacity doctrine.

> "In *Stevens v. Industrial Com.*, 346 Ill. 495, the court adopted the so-called dual capacity doctrine followed by a majority of the States. Under such doctrine an officer, director or stockholder will not be denied compensation merely because he is an officer, director or

stockholder, if, as a matter of fact, at the time of his injury he is engaged in manual labor or the ordinary duties of a workman and receives pay in the capacity of an employee, or if he was engaged in employment palpably separate and distinct from the official duties falling upon him as an officer of the corporation. 99 C.J.S., Workmen's Compensation, sec. 82, pp. 302-304." *B.W. Sales Co. v. Industrial Comm'n*, 35 Ill. 2d 418, 420, 220 N.E.2d 405, 406 (1966).

In A. Larson, The Law of Workmen's Compensation, Larson's basic premise is that, under modern law, corporate officers are not barred from receiving workers' compensation benefits. 1C A. Larson, Workmen's Compensation § 54.21(a) (1986) (hereinafter Larson). Larson further suggests that the dual capacity doctrine be abandoned as the distinction between executive and nonexecutive functions is artificial and blurred and, in practice, the line is illusory and impossible of administration. Larson, § 54.21(d). "Once it is accepted that managerial and supervisory activities are consistent with employment, as has been strongly established for many years, not much will be found to remain as distinctive executive activity ***." Larson, § 54.21(d), at 9—236.

In this case, it is not necessary to determine whether the dual capacity doctrine remains viable. Section 3(17)(b) of the Act authorizes corporate officers to "withdraw themselves as individuals from the operation of this Act." 820 ILCS 305/3(17)(b) (West 1998). Section 3(17)(b) was added effective December 1, 1983, by Public Act 83—947. 820 ILCS Ann. 305/3(17)(b), Historical & Statutory Notes at 280 (Smith-Hurd 1993).

■ The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Latona*, 184 Ill. 2d 260, 269, 703 N.E.2d 901, 906 (1998). The words of a statute are to be given their plain and commonly understood meanings. *Panhandle Eastern Pipe Line Co. v. Illinois Environmental Protection Agency*, 314 Ill. App. 3d 296, 301, 734 N.E.2d 18, 22 (2000). When the language of a statute is clear and unambiguous, it will be given effect without resort to the other tools of statutory construction. *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 431, 732 N.E.2d 488, 494 (2000).

■ The term "as individuals" refers to all capacities, *i.e.*, if the officer makes an election to withdraw from coverage of the Act, there will be no coverage regardless of the nature of the work being performed at the time of the injury.

Respondent's third contention is that finding coverage under the facts of this case ignores the language of the insurance policy and defies principles of contract law. The insurance policy cannot form a basis for exclusion unless the Act so authorizes. As a result, the statu-

tory exclusion controls the nature of the exclusion under the insurance policy.

Claimant argues that the written notice to the carrier in this case was not adequate to constitute an election to withdraw under section 3(17)(b) of the Act. Here, there was an application for insurance including a request to exclude from coverage the officer who signed the application for insurance.

■ In addition, one of the issues raised in the circuit court by claimant at the time of the first judicial review was whether the written notice requirement was satisfied by a notice being transmitted magnetically via computer and the Act required a written waiver signed by each excluded officer. On that issue alone, the circuit court confirmed the Commission's original March 7, 1999, decision finding the notice requirement was satisfied. Claimant has not appealed or cross-appealed following the decision of the circuit court entered after the Commission modified its decision on remand. Any issue regarding the adequacy of the "written notice" was not properly preserved for review.

■ The final consideration is whether claimant has an independent right to recover benefits under the Act. Claimant's claim is pursued under section 7(a) of the Act. 820 ILCS 305/7(a) (West 1994). In *A.O. Smith Corp. v. Industrial Comm'n*, 109 Ill. 2d 52, 55-57, 485 N.E.2d 335, 336-38 (1985), the injured employee was covered by the Act. The issue in *A.O. Smith* was whether the statute at the time of injury or the time of death of the employee applied. The supreme court concluded that a widow's claim under section 7 of the Act was separate and apart from that of decedent and the statute in effect at the date of death, rather than the date of injury, controlled the amount of compensation. The decision in *A.O. Smith* relied on the following principle recognized in *American Steel Foundries*:

> "The claim for compensation on behalf of the dependents is not derivative of the employee but is an independent right of recovery for compensation created by the statute for the exclusive benefit of the dependents and over which the employee has no control and which he is powerless to release, waive or extinguish." *American Steel Foundries v. Industrial Comm'n*, 361 Ill. 582, 589, 198 N.E. 687, 690 (1935).

■ *American Steel Foundries* referred to this principle in the context of determining whether a release executed in association with a lump-sum settlement extinguished the claims of dependents. In *Segers v. Industrial Comm'n*, 191 Ill. 2d 421, 432, 732 N.E.2d 488, 495 (2000), the supreme court recognized that the language in section 9 of the Workers' Occupational Diseases Act (820 ILCS 310/9 (West 1998))

had been amended by the legislature since *American Steel Foundries* so that *American Steel Foundries* was no longer controlling. The result in *Segers* was that a settlement with the injured employee was found to bar the widow's subsequent claim for death benefits. The factual backgrounds in *American Steel Foundries*, *A.O. Smith*, and *Segers* are not similar to the instant case. In each of those cases, the injured employee had a right to, and did, recover benefits for the employment-related injury or disability, while here, the injured employee was not covered by the Act. The question in each case was whether the claimant (widow, heir) had an independent right to recover benefits separate and apart from the covered, injured employee. In the case at hand, the employee was not covered by the Act and the claimant does not have an independent right to recover benefits under the Act. To allow recovery would eliminate the insurance premium advantage to persons such as Donald Mayer. This court would simply be legislating by court edict.

We determine pursuant to the language in section 3(17)(b) of the Act, if an officer elects to not be covered by a workers' compensation policy, the Act does not apply at all. There is no claim by a widow or other survivor because, when an employee elects not to be covered under the Act, there simply is no statutory basis for such a claim by a survivor. The insurance policy issued in this case makes it clear that the decedent was not insured for workers' compensation benefits.

The order of the circuit court of Cook County in case No. 00—L—50021 is vacated; the award of the arbitrator and the decision of the Commission entered following remand are vacated; the order of the circuit court in Cook County case No. 99—L—50266 is affirmed in part and reversed in part; and the Commission's original decision entered March 17, 1999, is reinstated in its entirety.

Affirmed in part, reversed in part, and vacated in part; original Commission decision reinstated.

HOFFMAN, O'MALLEY, HOLDRIDGE, and RARICK, JJ., concur.