FIFTH DIVISION
June 29, 2007

No. 1-06-1016

| | | |
|---|---|---|
| PETER E. SIAKPERE and 3991 TRANSPORT COMPANY, INC., | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| | ) | No. 05 M1 450750 |
| v. | ) ) | |
| THE CITY OF CHICAGO and THE DEPARTMENT OF ADMINISTRATIVE HEARINGS, | ) ) ) ) | Honorable Edna M. Turkington, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiffs, Peter E. Siakpere and 3991 Transport Co., Inc., appeal *pro se* from an order of the circuit court granting defendant City of Chicago's motion to dismiss plaintiffs' complaint. On appeal, plaintiffs argues that the circuit court improperly relied on the Code of Civil Procedure in dismissing the complaint for administrative review.

Peter E. Siakpere is the president of 3991 Transport Co., Inc. (Transport), which is a registered Illinois corporation that holds a license to operate a taxicab in Chicago. Transport was cited for violating Rule 25(c) of the Rules and Regulations for Public Passenger Vehicle License Holders by failing to have the required equipment enabling taxicabs to accept credit cards. See Chicago Municipal Code § 9-112-260 (1999). A hearing was held at the Department of Administrative Hearings, and on October 5, 2005, administrative law officer Dennis Guest issued a final administrative decision finding Transport liable and ordering Transport to pay a fine of $250 plus $25 in court costs.

On November 7, 2005, Siakpere filed a *pro se* complaint on behalf of himself and Transport for administrative review in the circuit court against the City of Chicago (the City). On January 23, 2005, the City filed a motion to dismiss the complaint with prejudice, alleging that Transport, as a corporation, must be represented by counsel in legal proceedings and Siakpere

No. 1-06-1016

was not a licensed attorney. See 735 ILCS 5/2-619(a)(1) (West 2004). Furthermore, the City argued that Transport would be time-barred from filing a new complaint with the assistance of counsel for administrative review because the jurisdictional 35-day limit had already passed. See 735 ILCS 5/3-103 (West 2004). On February 10, 2006, the circuit court granted the City's motion to dismiss with prejudice.

On February 21, Siakpere filed a motion for reconsideration, which the circuit court denied on March 3, 2006.

On appeal, plaintiffs now contend that the circuit court's order dismissing the complaint filed by Siakpere pursuant to section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2004)) was improper.

We review the circuit court's grant of a motion to dismiss based on a lack of subject matter jurisdiction *de novo*. Village of Roselle v. Commonwealth Edison Co., 368 Ill. App. 3d 1097, 1103 (2006). Illinois law provides that a corporation must appear by counsel in legal proceedings and that any action filed without an attorney is null and void *ab initio*. Adair Architects, Inc. v. Bruggeman, 346 Ill. App. 3d 523, 525-26 (2004). A complaint to review a final administrative decision must be filed within 35 days from the date that a copy of the decision sought to be reviewed is served upon the party affected by the decision. 735 ILCS 5/3-103 (West 2004). Furthermore, the requirement that the complaint be filed within the 35-day period specified in section 3-103 of the Code of Civil Procedure (735 ILCS 5/3-103 (West 2004)) is jurisdictional. Barry v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago, 357 Ill. App. 3d, 749, 760 (2005). Section 2-619(a)(1) allows an involuntary dismissal of a cause of action based on the trial court's lack of subject matter jurisdiction. 735 ILCS 5/2-619(a)(1) (West 2004).

Here, the City brought an administrative action against Transport, the corporation which held the taxicab license, for violating a municipal ordinance requiring taxicabs to be equipped with

-2-

No. 1-06-1016

a taximeter or electronic equipment capable of accepting credit cards. After the administrative hearing ruling against Transport, Siakpere attempted to file a complaint for administrative review in the circuit court on behalf of Transport. However, Siakpere is not a licensed attorney, nor did any attorney appear on behalf of Transport. Therefore, the complaint filed by was null and void *ab initio* and was properly dismissed. See <u>Adair</u>, 346 Ill. App. 3d at 525-26.

Furthermore, the circuit court properly dismissed plaintiffs' complaint with prejudice on February 10, 2006. Although the record does not provide the exact date Transport was served with the administrative decision, Siakpere attempted to file a complaint for administrative review on November 7, 2005, so it could be no later than that date. Any new complaint filed by plaintiffs after the circuit court's ruling would have been well past the 35-day limitation for filing and time-barred. See 735 ILCS 5/3-103 (West 2004). Accordingly, we find that the dismissal with prejudice was proper.

Plaintiffs argue that section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)) does not apply when a matter is before a court on administrative review. However, the Code of Civil Procedure applies to cases on administrative review unless otherwise provided for (735 ILCS 5/1-108(a) (West 2004)), and we find nothing in the Administrative Review Law that precludes the application of section 2-619 of the Code of Civil Procedure to a matter before a court on administrative review.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ's, concur.

-3-