COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. D AND M TILE, INC., *et al.*, Defendants-Appellants.

Third District   No. 3—08—0753

Opinion filed September 29, 2009.

730

HOLDRIDGE, J., dissenting.

Frank A. Celani (argued), of Mokena Professional Centre, of Mokena, for appellant Dan Walenga.

Gino P. Naughton, of Tinley Park, for appellant D and M Tile, Inc.

D. William Porter (argued) and Joseph Stockman, both of Chilton, Yambert, Porter & Young, L.L.P., of Geneva, for appellee.

JUSTICE CARTER delivered the opinion of the court:

The plaintiff, Country Mutual Insurance Co. (Country Mutual), filed the instant action for a declaratory judgment, seeking a ruling that it had no obligation under an insurance policy to defend and indemnify defendant D and M Tile for a worker's compensation claim filed by defendant Dan Walenga (collectively, the defendants). Country Mutual filed a motion for summary judgment, claiming that it was entitled to judgment as a matter of law because Walenga had elected to opt out of coverage under the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2006)). The trial court granted summary judgment in favor of Country Mutual and denied the defendants' joint motion to strike under section 2—615(a) of the Code of Civil Procedure (the Code), motion to dismiss under section 2—619(a)(1) of the Code, and motion to vacate the summary judgment order and allow the defendants to amend their answers. 735 ILCS 5/2—615(a), 2—619(a)(1) (West 2006). The defendants appeal. We affirm.

## FACTS

Country Mutual filed a complaint for declaratory judgment, seeking a ruling that it had no obligation under an insurance policy to defend and indemnify D and M Tile for a worker's compensation claim filed by Walenga, because (1) Walenga had elected to withdraw himself from coverage under the Act and (2) D and M had allegedly not reported the injury in a timely manner. Only the argument that Walenga withdrew from coverage under the Act is at issue in this case. In its complaint, Country Mutual alleged that it issued a worker's compensation policy to D and M with a policy term of June 28, 2007, through June 28, 2008. Walenga allegedly was hurt in a job-related accident on July 12, 2007, while in the employment of D and M. Country Mutual received notice of the accident on February 21, 2008.

A copy of the policy and D and M's application was attached to the complaint. The application provides in part: "If entity is corporation, do corporate officers (Pres., Vice Pres., Sec., Treas.) elect to withdraw from coverage under the Illinois Workers' Compensation Act?" There is an "x" in the box marked "yes" and the box is circled. The applica-

tion then lists Walenga as president of the corporation and as the person electing to withdraw from coverage, accompanied by Walenga's signature. Attached to the policy is an endorsement entitled, "Exclusion of Executive Officers Endorsement." The endorsement states that the policy does not cover bodily injury to the persons listed, who have elected not to be subject to the Illinois workers' compensation law. The endorsement also states that the policy premium does not include the remuneration for such persons and that the insured shall indemnify and hold Country Mutual harmless against all loss and expense on account of injury sustained by such persons. The endorsement then lists Walenga as excluded from the policy.

On May 23, 2008, each defendant filed an answer to the complaint. The defendants admitted that the policy in question existed, Walenga was listed as an excluded person, and Walenga filled in his name and signed that portion of the policy application electing withdrawal from coverage. The defendants also admitted that Walenga's wages were excluded from the calculation of the premium paid by D and M for the policy.

On June 6, 2008, Country Mutual filed a motion for summary judgment. Country Mutual argued that it had no duty to defend and indemnify D and M because Walenga had elected to withdraw himself from workers' compensation insurance coverage. Another copy of the policy and application was attached to the motion.

In response, Walenga filed a memorandum opposing Country Mutual's motion for summary judgment. Walenga also moved to dismiss a portion of the complaint under section 2—619(a)(1) of the Code and moved to strike portions of the complaint under section 2—615(a) of the Code. 735 ILCS 5/2—619(a)(1), 2—615(a) (West 2006). D and M joined Walenga's memorandum and motions. On August 4, 2008, a hearing was held on all pending motions, and the parties argued their positions on all of the motions.

On August 20, 2008, the court granted Country Mutual's motion for summary judgment. The court found that Walenga was an officer of D and M and that he elected to withdraw himself from the operation of the Act. The court also rejected the defendants' argument that a withdrawal by an officer who was also an active employee of the corporation was inconsistent with the intent of the Act and found that this withdrawal was allowed under the Act. The court did not rule on the defendants' pending motions at that time.

On September 2, 2008, Walenga filed a motion to vacate the court's order granting summary judgment to Country Mutual and requested leave to file an amended answer to the complaint. Walenga also requested rulings on the previously filed motions under sections

2—615(a) and 2—619(a)(1) of the Code. Following a hearing, the court denied the defendants' motions to strike under section 2—615(a) of the Code and motions to dismiss under section 2—619(a)(1) of the Code. 735 ILCS 5/2—615(a), 2—619(a)(1) (West 2006). The court also denied Walenga's motion to vacate the order granting summary judgment and his request to file an amended answer. The defendants appeal.

## ANALYSIS

We address the defendants' arguments in the order in which they were ruled upon by the trial court, as the trial court ruled upon the motion for summary judgment before it eventually ruled upon the defendants' also-pending motions. Each of the parties' assorted motions centers on the same legal issue, whether Walenga was a *bona fide* officer who voluntarily elected to withdraw from coverage under the Act.

■ First, we address the defendants' contention that the trial court erred by granting summary judgment to Country Mutual. "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Virginia Surety Co. v. Bill's Builders, Inc.*, 372 Ill. App. 3d 595, 599-600, 865 N.E.2d 985, 989 (2007); 735 ILCS 5/2—1005(c) (West 2006). Our review is *de novo. Virginia Surety Co.*, 372 Ill. App. 3d at 600, 865 N.E.2d at 989.

"A declaratory judgment action requires (1) a plaintiff with a tangible, legal interest; (2) a defendant with an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Northern Trust Co. v. County of Lake*, 353 Ill. App. 3d 268, 273, 818 N.E.2d 389, 394 (2004), citing 735 ILCS 5/2—701 (West 2002). In this case, the undisputed facts show that Country Mutual issued a workers'. compensation policy to D and M with a policy term of June 28, 2007, through June 28, 2008. Walenga filed a claim with the Illinois Workers' Compensation Commission (Commission) alleging he had been injured on the job on July 12, 2007. The parties dispute whether Country Mutual has an obligation to defend and indemnify D and M against Walenga's claim.

The defendants argue that summary judgment was not appropriate in this case because the undisputed facts do not prove as a matter of law that Walenga was a *bona fide* officer who voluntarily elected to withdraw from coverage under the Act, as required by section 3(17)(b) of the Act. 820 ILCS 305/3(17)(b) (West 2006). Under section 3(17)(b),

the corporate officers of any corporation may elect to withdraw themselves as individuals from the operation of the Act. 820 ILCS 305/3(17)(b) (West 2006). "[A] 'corporate officer' is defined as a bona fide President, Vice President, Secretary or Treasurer of a corporation who voluntarily elects to withdraw." 820 ILCS 305/3(17)(b) (West 2006). The Act does not define *"bona fide"* or "voluntarily."

The defendants contend that *"bona fide"* should be interpreted to mean "those officers whose job duties are so far removed from the hazardous activities and risks that call for the automatic application of the act as to justify empowering them to make an election to opt out from coverage." The defendants also contend that this interpretation is consistent with the purposes of the Act. Country Mutual maintains that section 3(17)(b) should be construed according to its plain language and that *"bona fide"* and "voluntarily" should be accorded their plain meanings. 820 ILCS 305/3(17)(b) (West 2006).

"When interpreting a statute, we must give the language of the statute its plain and ordinary meaning." *Henry v. St. John's Hospital*, 138 Ill. 2d 533, 541, 563 N.E.2d 410, 414 (1990). In the absence of a statutory definition of a term, words in a statute should be given their ordinary and popularly understood meanings. *People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill. 2d 1, 15, 585 N.E.2d 51, 57 (1991). To ascertain the ordinary meaning of a word, it is appropriate to employ a dictionary. *Datacom Systems Corp.*, 146 Ill. 2d at 15, 585 N.E.2d at 57.

*"Bona fide"* is defined as "In or with good faith; honestly, openly, and sincerely; without deceit or fraud. \*\*\* Truly; actually; without simulation or pretense. Innocently; in the attitude of trust and confidence; without notice of fraud, etc. Real, actual, genuine, and not feigned." Black's Law Dictionary 177 (6th ed. 1990). Thus, the plain and ordinary meaning of *"bona fide"* in this context means a person who is genuinely an officer of a corporation, rather than someone who holds such a title in pretense or fraud. In this case, it is undisputed that Walenga was the president of D and M. The defendants admitted in their answers that Walenga was the president of the company. In addition, the defendants admitted that Walenga listed himself as president of D and M on the application for workers' compensation insurance and signed the application as president.

The defendants do not offer a definition of "voluntarily" but claim that it should be interpreted consistently with their proffered definition of *"bona fide."* Black's Law Dictionary defines "voluntarily" as "not accidental" and "without coercion." Black's Law Dictionary 1575 (6th ed. 1990). The undisputed facts in this case show that Walenga filled out the policy application, listed his name and position as

president in that portion of the application electing to withdraw company officers from coverage under the Act and signed the application. Further, Walenga's salary was not included in the policy's premium calculation. These undisputed facts are sufficient to prove that Walenga was a *bona fide* officer who had opted out of coverage. See *Virginia Surety Co.*, 372 Ill. App. 3d at 602, 865 N.E.2d at 990-91; see also *D. Mayer Landscaping, Inc. v. Industrial Comm'n*, 328 Ill. App. 3d 853, 858, 767 N.E.2d 821, 825 (2002). Thus, we find that Country Mutual was properly granted summary judgment.

■ Next, the defendants contend that the trial court erred by denying their motion to dismiss brought under section 2—619(a)(1) of the Code. 735 ILCS 5/2—619(a)(1) (West 2006). The defendants argue that the court lacked jurisdiction to consider the question of whether Walenga elected to withdraw himself from coverage under the Act, claiming that this portion of Country Mutual's complaint raises a mixed question of fact and law. Further, the defendants maintain that under section 18 of the Act, the Commission has exclusive jurisdiction over this question. 820 ILCS 305/18 (West 2006). Country Mutual disagrees, arguing that the issue of whether Walenga elected to opt out of coverage under the Act is a question of law, which was properly before the circuit court.

Section 2—619(a)(1) of the Code allows for the involuntary dismissal of an action if the court lacks subject matter jurisdiction. 735 ILCS 5/2—619(a)(1) (West 2006). We review *de novo* the court's decision to grant or deny a section 2—619(a)(1) motion to dismiss. *Siakpere v. City of Chicago*, 374 Ill. App. 3d 1079, 1081, 872 N.E.2d 495, 497 (2007).

Section 18 of the Act states, "All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." 820 ILCS 305/18 (West 2006). In *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 286-90, 644 N.E.2d 1163, 1165-66 (1994), the Illinois Supreme Court construed this section of the Act and determined that this language did not divest the circuit courts of jurisdiction over matters arising under the Act. Rather, the Commission and the circuit courts have concurrent jurisdiction to hear disputes over insurance coverage. *Employers Mutual Cos.*, 163 Ill. 2d at 287, 644 N.E.2d at 1165. Further, the court concluded that the circuit court's jurisdiction was paramount in that declaratory judgment action, which sought a determination of the parties' obligations under an insurance policy and, thus, presented a question of law. *Employers Mutual Cos.*, 163 Ill. 2d at 289-90, 644 N.E.2d at 1166.

In this case, the relevant portions of Country Mutual's declaratory judgment complaint seek a ruling that Country Mutual is not obligated to defend or indemnify D and M because Walenga elected to withdraw himself from coverage under the Act. This question involves an interpretation of the insurance policy and an interpretation of section 3(17)(b) of the Act. 820 ILCS 305/3(17)(b) (West 2006). These interpretations are questions of law. *American Family Mutual Insurance Co. v. Niebuhr*, 369 Ill. App. 3d 517, 521, 860 N.E.2d 436, 440 (2006). The circuit court correctly determined that it had jurisdiction over this matter and correctly denied the defendants' section 2—619 motion to dismiss. 735 ILCS 5/2—619(a)(1) (West 2006).

■ The defendants also claim that the trial court erred by denying their motions to strike portions of the complaint pursuant to section 2—615(a) of the Code of Civil Procedure. 735 ILCS 5/2—615(a) (West 2006). "A section 2—615 motion admits all well-pleaded facts and attacks the legal sufficiency of the complaint ***." *Jenkins v. Concorde Acceptance Corp.*, 345 Ill. App. 3d 669, 674, 802 N.E.2d 1270, 1275 (2003). We review *de novo* the trial court's decision to deny a motion under section 2—615 of the Code of Civil Procedure. *Northern Trust Co. v. County of Lake*, 353 Ill. App. 3d 268, 274-75, 818 N.E.2d 389, 395 (2004).

The defendants claim that portions of Country Mutual's complaint should have been stricken because the complaint does not allege sufficient facts showing that Walenga was a *"bona fide"* officer who "voluntarily" elected to withdraw himself from the Act. We have previously rejected the defendants' definitions of the terms *"bona fide"* and "voluntarily." We find that Country Mutual alleged facts sufficient to support its claim that Walenga was a *bona fide* officer of D and M who voluntarily elected to withdraw from coverage under the Act. Therefore, the trial court did not err by denying the defendants' motions to strike.

■ Finally, the defendants claim that the trial court abused its discretion by denying Walenga's motion to vacate the order granting summary judgment to Country Mutual and allow him to amend his answer to assert as an affirmative defense that Walenga was not a *bona fide* officer within the meaning of the Act. The motion to vacate the summary judgment was in the nature of a motion to reconsider, where a new approach to the defendants' theory was suggested but not new evidence that would help justify a reconsideration. See *Delgatto v. Brandon Associates, Ltd.*, 131 Ill. 2d 183, 195, 545 N.E.2d 689, 695 (1989); *Gardner v. Navistar International Transportation Corp.*, 213 Ill. App. 3d 242, 248-49, 571 N.E.2d 1107, 1111 (1991). Section 2—1005(g) of the Code of Civil Procedure provides that after the entry

of summary judgment the court shall permit pleadings to be amended upon just and reasonable terms. 735 ILCS 5/2—1005(g) (West 2006). "This provision has been interpreted as requiring the trial court to permit amendment if it will further the ends of justice." *Stefanich, McGarry, Wols & Okrei, Ltd. v. Hoeflich*, 260 Ill. App. 3d 758, 762, 632 N.E.2d 1064, 1067 (1994). "In determining whether the trial court abused its discretion in denying a motion to amend, a reviewing court must look at four factors." *Stefanich*, 260 Ill. App. 3d at 762, 632 N.E.2d at 1067. These factors are: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 272-73, 586 N.E.2d 1211, 1215-16 (1992).

In this case, the defendants requested leave to amend their answer to include an affirmative defense that Walenga was not a *bona fide* officer of D and M because he spent most of his time working at construction sites. As previously discussed, the trial court correctly rejected the defendants' definition of *"bona fide."* Walenga's position as an officer of the company does not depend upon the amount of time that Walenga spent working at constructions sites. See *D. Mayer Landscaping*, 328 Ill. App. 3d at 858, 767 N.E.2d at 825. The proposed amendment would not have cured the defendants' answers or rendered summary judgment inappropriate in this case. Thus, the court did not abuse its discretion by denying the defendants' motion to vacate its order and allow the defendants to file amended answers.

## CONCLUSION

Based upon the above analysis, we find that the trial court properly granted Country Mutual's motion for summary judgment and properly denied the defendants' motions. Accordingly, the judgment of the Will County circuit court is affirmed.

Affirmed.

O'BRIEN, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I would find that the trial court lacked jurisdiction to consider whether Walenga elected to withdraw himself from coverage under the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2006)). I would further find that, under section 18 of the Act, the

Workers' Compensation Commission (the Commission) should have exclusive jurisdiction over this question. 820 ILCS 305/18 (West 2006). I therefore respectfully dissent.

At issue in the instant matter is whether Walenga was a *bona fide* officer who voluntarily elected to withdraw from coverage under the Act pursuant to section 3(17)(b). 820 ILCS 305/3(17)(b) (West 2006). Under section 3(17)(b), corporate officers of any corporation may elect to withdraw themselves as individuals from the operation of the Act. 820 ILCS 305/3(17)(b) (West 2006). "[A] 'corporate officer' is defined as a bona fide President, Vice President, Secretary or Treasurer of a corporation who voluntarily elects to withdraw." 820 ILCS 305/3(17)(b) (West 2006). The Act does not define *"bona fide"* or "voluntarily," nor is there any case law interpreting this section of the Act.

Section 18 of the Act states, "All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." 820 ILCS 305/18 (West 2006). Here, the issue is whether Walenga is in compliance with section 3(17)(b) of the Act. Compliance with section 3(17)(b) of the Act is a question which, under the Act, should be determined by the Commission. I would hold that interpretation of section 3(17)(b) of the Act should be within the exclusive jurisdiction of the Commission.

As with the majority, I would begin with *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284 (1994). In that case, George Skilling filed two workers' compensation claims against his employer, Kirkpatrick Trucking Company, for two accidents that occurred in Illinois. The employer's workers' compensation carrier, Employers Mutual, filed a declaratory judgment action in the circuit court maintaining that since its policy provided coverage only for injuries occurring in Wisconsin, it had no obligation to defend or indemnify Kirkpatrick or to pay workers' compensation benefits to Skilling for injuries occurring in Illinois. *Employers Mutual Cos.*, 163 Ill. 2d at 285-86. Skilling moved for dismissal of the insurance carrier's declaratory action, maintaining that section 18 of the Act bestowed exclusive jurisdiction upon the Commission. Our supreme court rejected the argument that the Commission had exclusive jurisdiction. However, it found that the circuit court and the Commission had "concurrent" jurisdiction. *Employers Mutual Cos.*, 163 Ill. 2d at 288. The court then proceeded to determine which tribunal had "primary" jurisdiction, which the court noted was " ' "concerned with promoting proper relationships between the courts and the administrative agencies charged with particular regulatory duties." ' " *Employers Mutual Cos.*, 163 Ill. 2d at 288, quoting *Kellerman v. MCI Telecommunications*, 112 Ill. 2d 428, 444

(1986), quoting *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 63, 1 L. Ed. 2d 126, 132, 77 S. Ct. 161, 165 (1956). The court further noted that, "[u]nder this doctrine, a matter should be referred to an administrative agency when it has specialized or technical expertise that would help resolve the controversy, or when there is a need for uniform administrative standards." *Employers Mutual Cos.*, 163 Ill. 2d at 288-89, citing *Kellerman*, 112 Ill. 2d at 445. The supreme court then held that the circuit court was in a better position than the Commission to address whether the scope of coverage afforded by specific provisions of the insurance contract between Kilpatrick and its insurance company included defending and paying claims for alleged injuries occurring within Illinois. *Employers Mutual Cos.*, 163 Ill. 2d at 289.

The contrast between the interpretation of provisions of the insurance contract in *Employers Mutual Cos.* and the question of whether Dan Walenga is barred by section 3(17)(b) of the Act from filing a claim for workers' compensation benefits is crucial. In *Employers Mutual Cos.*, the issue was whether the contract between the employer and its insurance carrier excluded certain claims from coverage. The resolution of that question involved only the insurance contract and did not arise under the Act. Simply put, the question in the instant matter arises under the Act; the question in *Employers Mutual Cos.* arose under the terms of an insurance contract. Thus, under the analytical scheme articulated by our supreme court in *Employers Mutual Cos.*, the Commission would have primary jurisdiction if either the Commission has "specialized or technical expertise that would help resolve the controversy" or "there is a need for uniform administrative standards." *Employers Mutual Cos.*, 163 Ill. 2d at 288-89. I would find that the instant matter, whether section 3(17)(b) of the Act applies to Dan Walenga's claim for benefits under the Act, is one where there is a clear need for uniform administrative standards.

Unlike *Employers Mutual Cos.*, where the issue involved only the interpretation of an insurance contract, at issue here is whether section 3(17)(b) of the Act precludes the plaintiff from filing a claim under the Act. See *General Casualty Co. of Illinois v. Carroll Tiling Service, Inc.*, 342 Ill. App. 3d 883, 892-93 (2003) (a corporate officer who withdraws from the protection of the Act cannot file a claim for workers' compensation benefits). Whether a claimant can file a claim under the Act is, I would hold, the quintessential issue in need of uniform standards. We need look no further than the conflict between the inconsistent holdings in *D. Mayer Landscaping, Inc. v. Industrial Comm'n*, 328 Ill. App. 3d 853, 858-59 (2002) (statutory exclusion controls the nature of the exclusion under the insurance policy), and

*Virginia Surety Co. v. Bill's Builders, Inc.*, 372 Ill. App. 3d 595 (2007) (no statutory exclusions over the insurance policy).

I would also note that the need for uniformity of decision involving the Act is made paramount by the fact that all appeals from the decisions of the Commission are filed with a five-judge panel of the appellate court under Supreme Court Rule 22(g). 210 Ill. 2d R. 22(g).

Because I would find that the Commission has exclusive jurisdiction to resolve a question arising under section 3(17(b) of the Act (820 ILCS 305/3(17)(b) (West 2006)), I would reverse the decision of the circuit court of Will County and would remand the matter for further proceedings consistent therewith.