No. 3-03-0229

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2004

ADAIR ARCHITECTS, INC., an Illinois corporation,

Plaintiff-Appellee,

v.

ALAN R. BRUGGEMAN and LAURA A. GOLDEN,

Defendants-Appellants.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 12th Judicial Circuit Will County, Illinois

No. 02-SC-5559

Honorable Robert C. Lorz,

Judge, Presiding

JUSTICE LYTTON delivered the opinion of the court:

Adair Architects, Inc. (corporation), filed a lawsuit 
pro se
 in small claims court for payment due on an architectural contract.  The court ruled in favor of plaintiff. On appeal, defendants argue that the judgment is void because plaintiff’s 
pro se
 representation by its president, Mark Adair (Adair), violated supreme court rule 282(b).  We reverse, finding that the proceedings were null and void 
ab initio
. 

Plaintiff corporation entered into a contract with defendants, Allen Bruggeman and Laura Golden to prepare architectural design and construction documents for an addition to their home. Adair completed the initial design development documents in July 2001 and sent them to defendants.  In December of 2001, the parties met to discuss the design drawings.  Mr. Bruggeman felt the project was too expensive and he and Adair discussed ways to reduce the costs. 

In July of 2002, Bruggeman received formal construction bids indicating that the cost of the project would be around $450,000.  Bruggeman called Adair and told him that the project was too expensive and that it was being abandoned.  Following that phone call, Adair sought payment for the hours he spent drafting the construction drawings.  The contract provided that if "the client wishes to abandon the project, fees will be paid to Adair Architects, Inc,. for the work completed to date."   Defendants refused to pay.

Without counsel and on behalf of his corporation, Adair filed a small claims action against defendants for the balance due.  Adair is not an attorney.  At the trial, the circuit court found in favor of Adair in the amount of $2907.50. 

Supreme court rule 282(b) provides that "no corporation may appear as a claimant, assignee, subrogee, or counterclaimant in a small claims proceeding, unless represented by counsel."  However, the Illinois Code of Civil Procedure permits a corporation to appear 
pro se
: "a corporation may prosecute as plaintiff or defend as defendant any small claims proceeding in any court of this State through any officer *** as though the corporation were appearing in its proper person."  735 ILCS 5/2-416 (2003). 

Defendants argue that the corporation violated rule 282(b) by appearing in small claims court without counsel.
  
Adair concedes that he appeared without counsel, but argues that the Code of Civil Procedure explicitly authorizes such representation. 
 

When a statute directly and irreconcilably conflicts with a supreme court rule on a matter within the court’s authority, the rule prevails.  
People v. Williams
, 143 Ill. 2d 477, 483 (1991).  The supreme court has primary constitutional authority over court procedure, and the doctrine of separation of powers is violated "when a legislative enactment unduly encroaches upon the inherent powers of the judiciary, or directly and irreconcilably conflicts with a rule of this court on a matter within the court's authority." 
Kunkel v. Walton
, 179 Ill. 2d 519, 528 (1997).  

Rule 282 provides the procedure by which a corporation may appear in small claims court.  Matters of court procedure fall squarely within the judiciary’s authority to promulgate rules.  
Kunkel
, 179 Ill. 2d at 528.  Since the matter is within the court’s authority, rule 282(b) must prevail over section 2-416.  If the civil code was allowed to preempt Rule 282(b), the judiciary would be nothing more than an extension of the legislature. "It is the court's solemn duty to protect the judicial power from legislative encroachment and to preserve the integrity and independence of the judiciary. 
People v. Felella
, 131 Ill. 2d 525, 538-39 (1989).

In support of its argument, the corporation cites 
Woerner v. Seneca Petroleum, Inc.
, 175 Ill. App. 3d 329 (1988), decided by this court in 1988.  
Woerner
 held that the statute prevailed over rule 282(b).  However, during that same year our supreme court decided 
People v. Walker
, 119 Ill. 2d 465, 473-75 (1988), which held that when a statute directly and irreconcilably conflicts with a supreme court rule on a matter within the court's authority, the rule will prevail. See also 
Kunkel v. Walton
, 179 Ill. 2d 519, 528 (1997). The holding in 
Woerner
 must bow to the more recent precedent established by the supreme court. See 
Walker
, 119 Ill. 2d at 473-75. 

Proceedings involving a layperson’s representation of a corporation are null and void 
ab initio
. 
Berg v. Mid-America Industrial
, 293 Ill. App. 3d 731, 736 (1997). Since Adair, a non-attorney, appeared on behalf of the corporation 
pro se
, the proceedings were void 
ab initio
.  Though we do not necessarily disagree with the trial court’s determination of the case on the  merits, we must treat its decision as null and void.  We note that plaintiff is not foreclosed from re-filing a new claim with proper representation. See 
Saxon Mortgage, Inc. v. United Financial Mortgage Corp.
, 312 Ill. App. 3d 1098, 1104 (2000).

The order of the circuit court of Will County is reversed.

Reversed.

MCDADE and SCHMIDT, JJ., concurring.