2023 IL App (2d) 220368-U
No. 2-22-0368
Order filed November 13, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| JUDE J. LANCASTER | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 22-SC-834 |
| | ) | |
| | ) | Honorable |
| UNITED PARCEL SERVICE, INC., | ) | Joseph R. Waldeck |
| | ) | and Christopher B. Morozin, |
| Defendant-Appellee. | ) | Judges, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion in vacating the default judgment.

¶ 2    Plaintiff, Jude J. Lancaster, proceeding *pro se*, appeals orders of the circuit court of Lake County vacating the default judgment order entered in his favor against defendant United Parcel Service, Inc. (UPS), as well as the judgment entered after a bench trial in favor of UPS.  We affirm.

¶ 3                                        I. BACKGROUND

¶ 4    On March 14, 2022, plaintiff filed a *pro se* small claims complaint against UPS, alleging it lost a package that contained a cashier's check that plaintiff sent to Volkswagen Credit, Inc. in

order to purchase the vehicle that he was leasing. Plaintiff alleged that he intended to purchase the vehicle so that he could resell it to CarMax, which had made him an online offer to purchase it. Plaintiff sought $8241.74 in damages, which included a fee that he paid to obtain a lost instrument surety bond, a reduction in CarMax's written offer to purchase the vehicle due to the delay occasioned by the loss of the check, and $4500 to compensate plaintiff for his time "trying to remedy the situation."

¶ 5    On April 21, 2022, UPS failed to appear in court when the case was called, and the trial court entered a default judgment in the amount of $4066.74 in favor of plaintiff.[1]

¶ 6    That same day, UPS employee Robert J. Gilbert, a non-attorney, filed an appearance on behalf of UPS and a motion to vacate the default judgment pursuant to section 2-1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2022)). Gilbert stated in the motion that he, on behalf of UPS, wished to vacate the default judgment because the "case was not presented due to an emergency."

¶ 7    On May 12, 2022, the court held a hearing on the motion, which was presided over by the Honorable Joseph R. Waldeck. Plaintiff argued that Gilbert could not defend UPS because he did not meet the criteria set forth in section 2-416 of the Code (735 ILCS 5/2-416 (West 2022)), which allows certain corporate employees to defend the corporation in small claims proceedings. The court questioned Gilbert regarding his employment at UPS, and Gilbert stated that he was a

---

[1]The judgment consisted of an award of $3741.74 plus $325 in court costs. Because plaintiff sought $8241.74 in damages but was awarded $3741.74, we reasonably presume that the trial court disallowed plaintiff's request for $4500 for the time he spent "trying to remedy the situation."

"security investigator." The court agreed with plaintiff that Gilbert was not authorized to defend UPS under section 2-416, continued the motion to vacate to June 23, 2022, and ordered UPS to appear through an attorney.

¶ 8 On June 6, 2022, plaintiff filed a motion to strike the motion to vacate. Plaintiff reiterated the arguments he made at the May 12, 2022, hearing. Specifically, plaintiff argued that Gilbert was not authorized to defend the small claims action on behalf of UPS because he was neither an attorney nor employed by UPS as an officer, director, manager, department manager, or supervisor, as contemplated in section 2-416 of the Code. Rather, Gilbert was a "security investigator," which plaintiff argued "did not fit these qualifications." Plaintiff argued that because the circuit court concluded that section 2-416 did not authorize Gilbert to defend UPS, Gilbert's appearance and motion to vacate the default judgment were "invalid as a matter of law." Plaintiff reasoned that, therefore, "the actual defendant, UPS, never filed a [timely] motion to vacate" and the default judgment "automatically went final on 5/21/2022." Plaintiff also asserted that the court "no longer ha[d] jurisdiction to set aside the default judgment."

¶ 9 Plaintiff, Gilbert, and counsel for UPS appeared at the June 23, 2022, hearing, which was presided over by the Honorable Christopher B. Morozin. The court inquired as to Judge Waldeck's order indicating that the matter was set for status on appearance of an attorney. Gilbert notified the court that he was late to court on the day the default judgment was entered, and that his position at UPS was that of a "supervisor/manager." The court advised the parties of Illinois Supreme Court Rule 282(b) (eff. July 1, 2018), read it aloud in open court, and concluded that Gilbert was authorized to appear on behalf of UPS. Counsel filed an appearance on behalf of UPS and was permitted to adopt the motion to vacate that Gilbert had filed. After hearing oral argument, the court observed that motions to vacate that are filed within 30 days of the entry of a default

judgment, such as the case here, are to be liberally construed. It then granted the motion and vacated the default judgment, which implicitly denied plaintiff's motion to strike.

¶ 10 On September 1, 2022, plaintiff filed a motion to reconsider. He argued that, because Judge Waldeck agreed during the May 12, 2022, hearing that Gilbert was not authorized to appear on behalf of UPS under section 2-416 of the Code, that determination "should have remained binding and controlled subsequent proceedings in this action" under the law-of-the-case doctrine. He also asserted that UPS improperly "relitigated the issue of Mr. Gilbert's fitness to appear."

¶ 11 On September 7, 2022, the trial court denied plaintiff's motion to reconsider,[2] and trial commenced immediately thereafter. Plaintiff testified that he sent the subject package through Mail Drop Shoppe, which is an authorized shipper for UPS that is located in Fox Lake, Illinois. Plaintiff further testified that UPS lost his package, which contained a certified check intended for Volkswagen Credit, Inc. Plaintiff conceded that he did not declare a value in excess of $100 for the package, that he read the "2022 UPS Tariff/Terms & Conditions of Service" (Terms & Conditions) before shipping the package, and that Mail Drop Shoppe, rather than plaintiff, was the "Shipper" under the Terms & Conditions. He also testified that Mail Drop Shoppe did not declare a value for the package prior to shipping it, and that UPS issued a claim payment to Mail Drop Shoppe for $100.

¶ 12 Gilbert testified that he was a security investigator for UPS, which was "a management position," and he was familiar with the Terms & Conditions, which was admitted into evidence. Gilbert was likewise familiar with the lost package, that Mail Drop Shoppe was the Shipper, and

---

[2]The bystander's report included in the record on appeal does not explain why the court denied the motion to reconsider.

that the Shipper did not declare a value for the package. Gilbert conceded that UPS accepted the package from Mail Drop Shoppe, and that authorized shippers for UPS such as Mail Drop Shoppe were required to accept the Terms & Conditions because they were non-negotiable.

¶ 13 Plaintiff argued during closing argument that, even though his transaction was with an authorized shipper, UPS bore responsibility because it lost the package, and that UPS was "hiding behind terms of service that no one reads." UPS argued in closing that plaintiff failed to satisfy his burden of proof and had not proved any claim against UPS. It reasoned that plaintiff lacked standing because Mail Drop Shoppe was the Shipper, that plaintiff did not pay UPS for any services, and that plaintiff had not entered into any contract with UPS. It also argued that, under the Terms & Conditions, plaintiff's contract was with Mail Drop Shoppe, as the shipping partner.

¶ 14 The circuit court entered judgment in favor of UPS, finding that there was no contract between plaintiff and UPS and that, even if there were such a contract, plaintiff testified that he was aware of the limitations on UPS's liability as set forth in the Terms & Conditions. Further, the court found that plaintiff's proffered evidence regarding damages was "speculative and unreliable."

¶ 15 Plaintiff timely filed a notice of appeal.

¶ 16 II. ANALYSIS

¶ 17 Plaintiff argues on appeal that the circuit court erred in vacating the default judgment because Gilbert was not authorized to defend UPS under Section 2-416 of the Code and because Judge Morozin "incorrectly overruled" Judge Waldeck's earlier order. Additionally, plaintiff argues that the court's judgment following trial in favor of UPS was erroneous because it ignored UPS's obligations as a bailee. We address each issue in turn.

¶ 18 Plaintiff first asserts that Gilbert was unauthorized to file an appearance or motion to vacate the default judgment under section 2-416 of the Code, which provides:

"[a] corporation may prosecute as plaintiff or defend as defendant any small claims proceeding in any court of this State through any officer, director, manager, department manager or supervisor of the corporation, as though such corporation were appearing in its proper person. *** For purposes of this Section, the term 'officer' means the president, vice-president, registered agent or other person vested with the responsibility of managing the affairs of the corporation." 735 ILCS 5/2-416 (West 2022).

¶ 19 Plaintiff overlooks that section 2-416 was held unconstitutional in *Adair Architects, Inc. v. Bruggeman*, 346 Ill. App. 3d 523, 525-26, because it directly and irreconcilably conflicts with a supreme court rule pertaining to a matter squarely within the supreme court's authority. Supreme Court Rule 282, which provides the procedure by which a corporation may appear in small claims court, provides:

"No corporation may appear as claimant, assignee, subrogee or counterclaimant in a small claims proceeding, unless represented by counsel. When the amount claimed does not exceed the jurisdictional limit for small claims, a corporation may defend as defendant any small claims proceeding in any court of this State through any officer, director, manager, department manager or supervisor of the corporation, as though such corporation were appearing in its proper person. For the purposes of this rule, the term 'officer' means the president, vice-president, registered agent or other person vested with the responsibility of managing the affairs of the corporation."

The irreconcilable conflict between these two authorities, although not expressly identified by the court in *Adair*, is that section 2-416 of the Code authorizes a corporation to prosecute as plaintiff

in small claims proceedings through any of the officers or employees listed, whereas Rule 282(b) expressly prohibits that same conduct. The conflict was resolved in *Adair*, which held that Rule 282(b) prevails over section 2-416. *Adair*, 346 Ill. App. 3d at 525.

¶ 20    Here, of course, Gilbert filed a defensive pleading on behalf of UPS, as defendant in plaintiff's small claims action, and we note that the language regarding the authority of certain corporate officers and employees to defend in small claims proceedings on behalf of the corporation is virtually identical between both authorities. Nevertheless, we take this opportunity to emphasize that Rule 282(b), and not section 2-416, provides the appropriate framework to review plaintiff's argument, as Judge Morozin recognized.

¶ 21    Again, Rule 282(b) provides that a corporation may defend as defendant in any small claims proceeding in any Illinois court "through any officer, director, *manager*, department manager or supervisor of the corporation." (Emphasis added.) Plaintiff describes Gilbert as "a private citizen with no standing in this matter" and asserts that Gilbert's on-line LinkedIn profile "suggests that [he] is a traditional, run-of-the-mill employee." Aside from the fact no material from Gilbert's LinkedIn profile is contained in the record and therefore must be disregarded (*Oruta v. B.E.W. and Continental*, 2016 IL App (1st) 152735, ¶ 32), the uncontroverted evidence before the circuit court was that Gilbert, as a "security investigator," held a management position with UPS. During the June 23, 2022, hearing, Gilbert apprised the court that his position at UPS was that of a "supervisor/manager," and he testified at trial that his position was a management position. This testimony was unrebutted, and the evidence therefore amply supports Judge Morozin's ruling that Gilbert was permitted under Rule 282(b) to file an appearance and motion to vacate on behalf of UPS.

¶ 22    In his next identified argument on appeal, plaintiff points to the law-of-the-case doctrine and collateral estoppel (issue preclusion) to argue that Judge Morozin "incorrectly overruled" and "ignored [Judge Waldeck's] prior ruling" that Gilbert was not authorized to defend UPS.  Plaintiff emphasizes that, at the May 12, 2022, hearing, Judge Waldeck agreed with plaintiff's argument that Gilbert did not fit the criteria in section 2-416 of the Code, issued an order continuing the motion to vacate, and required UPS to appear through an attorney.  Then, at the June 23, 2022, hearing, Judge Morozin determined that Gilbert was authorized to appear on UPS's behalf under Rule 282(b) on the basis that Gilbert occupied a supervisory or management position at UPS.  In plaintiff's view, the "[l]ack of continuity of personnel at the trial court level should not make prior rulings irrelevant."

¶ 23    We reject these arguments because neither the law-of-the-case doctrine nor collateral estoppel have any application here.  "[T]he law-of-the-case doctrine generally bars relitigation of an issue previously decided in the same case."  *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2012 Ill App (2d) 100024, ¶ 31.  Under the law-of-the-case doctrine, questions of law that were decided in a previous appeal of the case are binding on the trial court on remand and the appellate court in subsequent appeals.  *Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 580 (2006); *Marsaw v. Richards*, 368 Ill. App. 3d 418, 425 (2006).  "A prerequisite to the application of this doctrine is that there has been a prior appeal."  *In re Marriage of Carstens*, 2018 IL App (2d) 170183, ¶ 23.  The law-of-the-case doctrine plainly does not apply because there was no prior appeal in this case and Judge Waldeck's order is not an order of the appellate court.

¶ 24    Issue preclusion likewise has no applicability.  Collateral estoppel, or issue preclusion, bars relitigation of issues decided in a prior action between the same parties.  It requires that: (1) the

issue decided in the prior proceeding is identical to the one in the suit in question, (2) the prior adjudication was a final judgment rendered on the merits, and (3) the party against whom the estoppel is asserted either was a party or was in privity with a party to the prior adjudication. *Wakehouse v. Goodyear Tire & Rubber Co.*, 353 Ill. App. 3d 346, 351 (2004). "Additionally, the party sought to be bound must actually have litigated the issue in the first suit and a decision on the issue must have been necessary to the judgment in the first litigation." *American Family Mutual Insurance Co., v. Savickas*, 193 Ill. 2d 378, 387 (2000).

¶ 25    Plaintiff argues that the parties were barred, under the equitable doctrine of collateral estoppel, from relitigating the issue of whether Gilbert was authorized to appear on behalf of UPS because that issue was decided in plaintiff's favor by Judge Waldeck on May 12, 2022. The argument fails because the May 12, 2022, order was not a final judgment. A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. *Ally Financial Inc. v. Pira*, 2017 IL App (2d) 170213, ¶ 22. A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re J'America B.*, 346 Ill. App. 3d 1034, 1043 (2004). By no stretch of the imagination can the May 12, 2022, order be viewed as a final judgment on the merits, and plaintiff's reliance on issue preclusion as a basis to reverse the order of June 23, 2022, denying plaintiff's motion to strike UPS's motion necessarily must fail. Moreover, because the May 12, 2022, order was interlocutory, it was subject to revision at any time before entry of a final judgment. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (providing that, absent an express written finding in an interlocutory order that there is no just reason for delaying either enforcement or appeal or both, the order is subject to revision at any time prior to final disposition of the case).

¶ 26    These issues aside, we would be remiss if we did not mention that Judge Waldeck did not strike Gilbert's appearance and motion to vacate during the May 12, 2022, hearing, notwithstanding his apparent agreement with plaintiff that Gilbert was not authorized under section 2-416 to defend UPS.  If he had, UPS would have been apprised of the court's view that Gilbert's appearance and motion were inadequate, and it would have had an opportunity to remedy that deficiency by engaging a licensed attorney to file an appearance and motion to vacate within the 30-day window following entry of the default judgment.  Rather, the court took a Solomonic approach by continuing the motion and requiring UPS to appear through an attorney at the June 23, 2022, court date.  Consistent with that order, UPS appeared that day through counsel, and counsel was permitted to file an appearance, adopt the motion to vacate, and argue its merits.  UPS was thereafter represented by a licensed attorney at every stage of the proceedings.  Under these circumstances, it would be manifestly unfair to reinstate the default judgment, as plaintiff requests.

¶ 27    We also cannot say that the circuit court wrongly granted UPS's motion to vacate.  Section 2-1301 of the Code provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."  735 ILCS 5/2-1301(e) (West 2022).  Courts are encouraged to liberally grant requests to vacate defaults under this section. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 16.  The moving party need not show a meritorious defense and a reasonable excuse for failing to timely assert such defense. *Id.* Rather, the overriding consideration is "whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." *Id.*  The entry of a default judgment is a drastic remedy that should be used only as a last resort, and the law prefers that controversies be determined on the merits. *In re Haley*

*D.*, 2011 IL 110886, ¶ 69. The decision to grant or deny a motion to vacate under section 2-1301 is within the sound discretion of the trial court, and we will not reverse the court's ruling absent an abuse of that discretion or a denial of substantial justice. *Glover v. Fitch*, 2015 IL App (1st) 130827, ¶ 29. A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court, meaning that it acted "arbitrarily or ignored recognized principles of law." *Id.*

¶ 28    Here, the circuit court entered a default judgment on April 21, 2022, after UPS failed to appear for a preliminary hearing. The bystander's report from the June 23, 2022, hearing confirms that Gilbert reported to the court that he did not appear on time for the preliminary hearing because he "was late and appeared after the default was entered." Gilbert filed his appearance and motion to vacate on behalf of UPS mere hours after the default judgment was entered. UPS thereafter appeared through licensed counsel at the June 23, 2023, hearing, who was permitted by the court to adopt the motion to vacate and argued its merits. Apart from the arguments we have already addressed, plaintiff makes no argument that the court improvidently granted UPS's motion to vacate. We find no abuse of discretion.

¶ 29    As a final matter, plaintiff argues that the circuit court's ruling ignores UPS's obligations as a bailee of the packages it receives—regardless of whether it receives the packages via a third-party agent or directly from a customer. He asserts that UPS, as the bailee, was obligated to exercise reasonable care to safeguard the package and that UPS breached its obligations by failing to deliver it to its intended recipient.

¶ 30    UPS responds that plaintiff forfeited the issue of bailee liability because he did not provide any allegations, evidence, or argument relating to this theory in the circuit court, and that plaintiff forfeited the argument for the additional reason that he failed to cite relevant authority in violation

of Rule 341(h)(7) (eff. Oct. 1, 2020). Forfeiture aside, UPS maintains that the issue fails on its merits because plaintiff had no contract with UPS and, even if he did, its liability would be limited to $100 under the Terms & Conditions because neither plaintiff nor Mail Drop Shoppe declared a value for the package in excess of $100.

¶ 31    It is true that plaintiff did not specifically argue that a "bailment" was created between the parties following the authorized transfer of the package (the bailed item) from Mail Drop Shoppe, as bailee, to UPS. Rather, plaintiff argued at trial that UPS accepted the package from Mail Drop Shoppe and that, even though plaintiff transacted only with Mail Drop Shoppe, UPS should be held responsible because it is the entity that lost the package. Under Illinois law, a bailment is the delivery of property for some purpose upon a contract, express or implied, that after the purpose has been fulfilled, the property shall be redelivered to the bailor, or otherwise dealt with according to his directions, or kept until he reclaims it. *Wausau Insurance Co. v. All Chicagoland Moving & Storage Co.*, 333 Ill. App. 3d 1116, 1121 (2002). A comparison of the argument plaintiff articulated at trial with the contention he identifies on appeal confirms that, despite his failure below to apply the appropriate legal terminology on the issue of bailment, his trial arguments articulated the gravamen of a cause of action based on a bailment theory against UPS. See *Tannenbaum v. Fleming*, 234 Ill. App. 3d 1041, 1043 (1992) (observing that small claims have relaxed standards intended to allow litigants with minimal legal experience to present their grievances to the court via an expeditious, simplified, and inexpensive procedure).

¶ 32    Nevertheless, simply raising a contention, without argument or citation to authority, is insufficient to avoid forfeiture. *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 43. In his brief, plaintiff cites *Wausau Insurance Co.*, 333 Ill. App. 3d at 1121, only for general propositions of law concerning the definition of a bailment. He then concludes, without

citation to authority or providing meaningful argument, that UPS was the bailee and that it "should be [held] responsible." He makes no argument that he somehow stepped into the shoes of the Shipper under the Terms & Conditions or that his transaction with Mail Drop Shoppe resulted in either an express or implied agreement to create a bailment between UPS and plaintiff. Supreme Court Rule 341(h)(7) requires that an appellant's brief contain "[a]rgument, which shall contain the contentions of the appellant and the reasons therefore, with citation of the authorities and the pages of the record relied on." The purpose of the rules is to require a party before a reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues involved. *Zadrozny v. City Colleges of Chicago*, 220 Ill. App. 3d 290, 292 (1991). Moreover, "[c]itations to authority that set forth only general propositions of law and do not address the issues presented do not constitute relevant authority for purposes of Rule 341(h)(7)." *Robinson v. Point One Toyota, Evanston*, 2012 IL App (1st) 111889, ¶ 54.

¶ 33    Plaintiff does purport to analogize the facts of this case to what he cites as "*Thompson v. Hott and UPS Corporate Headquarters*, Case No. SCSC171077 (District Court for Linn County, Iowa, Nov. 10, 2008)." However, neither the citation provided by plaintiff, nor our own search yielded any relevant results, and plaintiff failed to attach the case to his appellate brief. Even if plaintiff had cited the case properly and the facts were analogous, the case would be persuasive authority, at best. See *Wood v. Evergreen Condominium Ass'n*, 2021 IL App (1st) 200687, ¶ 54 (noting that cases from foreign jurisdictions are not binding on the Illinois appellate court). In any event, it appears that the case plaintiff attempted to cite was rendered by a county-level trial court in Iowa (rather than the Iowa Court of Appeals or Iowa Supreme Court), which would only further diminish whatever persuasive value the case may have had. Accordingly, plaintiff's argument is little more than a bare contention, unsupported by meaningful argument or citation to pertinent

authority, which is insufficient under Rule 341(h)(7). In light of plaintiff's failure to comply with Rule 341(h)(7), we conclude that plaintiff has forfeited this issue on appeal.

¶ 34                                III. CONCLUSION

¶ 35     For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 36     Affirmed.